Martin  v.  Rice.

ROBERT B. MARTIN v. WM. M. RICE AND OTHERS.

In Scott v. Allen (1 Tex. R. 508,) it was held, that a motion to quash an execution will not be entertained after it has peformed its functions and been returned by the Sheriff.

Where judgment goes against several defendants in the District Court, and, on appeal by one or more, the judgment is affirmed with damages, execution may be issued against all the defendants below and the sureties on the appeal ; but it should direct the officer to make the amount of the original judgment out of all the defendants, and the amount by which the judgment of affirmance exceeded the original judgment, out of the defendants in the judgment of affirmance.

One defendant in execution cannot object to mere error in an execution, if such error be not to his prejudice, but to the prejudice of a co-defendant who makes no objection. In this case the execution had performed its functions and been returned.

Where the principal defendant in execution refuses to point out property, it becomes the duty of the officer to find property if he can, whereon to levy the execution ; and it is the right of the sureties in the judgment, to aid him in

finding the property of the principal, if they see proper to do so ; it is there-
fore no objection to a levy, in such a case, that it purports to be made on
property of the principal, pointed out by the surety.

Error from Montgomery.    Tried before the Hon. Peter W.
Gray.

Judgment at the Fall Term of Montgomery District Court,
in favor of Rice & Nichols against R. B. Martin and W. C.
Kendrick.    Execution issued Nov. 2nd, 1852, returned levied
on personal property, and stopped by a writ of supersedeas,
Februrry 7th, 1853.    January 25th, 1854, judgment affirmed
by the Supreme Court against Martin and his sureties, James
H. Mitchell and J. M. Lewis, with ten per cent. damages for
delay.    April 13th, 1854, execution issued against Martin,
Kendrick, Mitchell and Lewis ; returned unsatisfied.    Octo-
ber 3rd, 1854, execution issued again. and returned unsatisfied.
April 7th, 1855, execution again issued, and there was a levy
and sale of real estate of the defendant Martin, pointed out by
Mitchell, Martin having refused to point out property.    The
levy was made on the 14th of August, and the sale was made
on the 4th of September thereafter.    The defendant Martin
was present at the sale, and forbid it on the ground that the
execution was void and the levy illegal, and the advertisement
not made for twenty days.    The executions recited the ori-
ginal judgment, the first execution, the writ of error by Mar-
tin and judgment of affirmance, with damages, and commanded
the Sheriff to make the full amount and costs out of the pro-
perty of the defendants and their said sureties.    All the execu-
tions except the last one included Kendrick ; he was not in-
cluded in the last, and it purported to be an alias.

On the 22nd of September, 1855, after the return of the last
execution, Martin moved to set it aside, because the same is
void in this : there was no such judgment as is therein pre-
tended, in this Court ; there was no such affirmance in the Su-
preme Court, as is therein pretended ; there had been no prior

or original execution on said pretended affirmance ; the pretended prior execution or executions were and are void ; this is in fact an original execution on said pretended affirmance, and was issued more than a year and a day thereafter ; there had been no execution issued within eighteen months, next preceding the issuance of this pretended execution ; no valid execution had previously issued on said alleged affirmance.

And defendant further moved to set aside and vacate the proceedings of the Sheriff under said pretended execution, and especially the levy and sale of this defendant's property ; and further because said pretended levy was contrary to law, and because it (the property levied on and sold) was pointed out as the property of this defendant by his co-defendant, J. H. Mitchell ; and because the said pretended levy had not been made twenty days before the day of sale ; because the advertisement had not been posted twenty days before the day of sale, and the said sale was forbid by this defendant at the door of the court house at the time of the crying, &c.

The motion stated by whom the property was bid off ; alleged they had notice of all the alleged irregularities, and caused them to be made parties.

Nothing appeared, either from the Sheriff's return or from the evidence, as to the advertisement.

The motion was overruled, and Martin prosecuted this writ of error.

N. H. Davis, for plaintiff in error.   The plaintiff in error adopted the proper remedy.   (13 Tex. R. 598.)

The executions against Martin, Kendrick, Mitchell and Lewis, were void.   (Turner v. Smith, 9 Tex. R. 629.)   There was no judgment conferring on the Clerk authority to issue those two executions, and they are nullities.   (13 Tex. R. 616.)

Said executions against the four defendants, will not save the Fi. Fa. issued more than a year and a day after the affirmance of the judgment in this Court against Martin and his

sureties in error, from the positive rule of law requiring judgments on which no execution has issued within a year and day to be revived. (Turner v. Smith, 9 Texas R. 629; 13 Id. 598; 616.)

One defendant cannot point out the property of another defendant, but the property that he points out must be his *own*. (Hart. Dig. Art. 1327.)

*L. L. Bradbury*, also, for plaintiff in error.

*A. Hemphill*, for defendants in error. The law does not require what shall be, nor what shall not be stated in an execution; nor does it impose on the purchaser, to prove that the officer has not deviated from his duty. (Howard v. North 5 Tex. R. 290.)

When the defendant in execution refuses to point out property, the Sheriff may adopt the plaintiff's designation. (Bryan v. Bridge, 6 Tex. R. 137.)

When executions have issued regularly from Term to Term, and the Clerk fails to put them in the form of alias, pluries, &c., it is not material. (Graves v. Hall, 13 Tex. R. 379.)

WHEELER, J. In Scott v. Allen (1 Tex. R. 508) it was held, that a motion to quash an execution will not be entertained after it has performed its functions and been returned by the Sheriff. The object of the motion here, however, was, to quash the return and set aside the sale; and so considered, we are of opinion, it was rightly overruled. It is sought to maintain it on two grounds—

1st. That the execution was not issued within a year from the rendition of the judgment.

2nd. That the property of the plaintiff in error was pointed out by his co-defendant.

The first ground is unsupported by the record. After the judgment of affirmance, executions were regularly issued, up to

the present, which was the third. Whether they were erroneous, in that they included the defendant in the original judgment, who was not a party to the judgment of affirmance, it is not material to inquire. It may be admitted that they were so, in that they did not distinguish the amounts for which the defendants in execution were severally liable. They should have directed the officer to make the amount of the original judgment out of all the defendants ; and the amount by which the judgment of affirmance exceeded the original judgment out of the defendants in the judgment of affirmance ; they alone being liable therefor. But this was but an error in the executions, which did not render them void. They were regularly issued, upon a valid, subsisting judgment ; in full force and vitality, at least as to the plaintiff in error and his co-defendants in the judgment of affirmance ; and though erroneous, they were not, on that account, to be treated as nullities. Nor was the error one of which the plaintiff in error can complain. As to him and his co-defendants in the judgment of affirmance, there was no error. The executions accurately described the judgment; and these defendants were liable for the full amount which was directed to be made off them.

The motion did not question the regularity of the last execution, on the ground that it did not include the defendant in the original judgment, who was not a party to the judgment of affirmance ; nor has the regularity of the executions in that respect been questioned in argument here. Whether, regularly, he should not have been included, not having been made a question by the motion in the Court below, is not a question here. It is unnecessary therefore to express any opinion upon that point. If he had been included, it is clear his co-defendants in execution could not have complained of it ; inasmuch as they were rightly included, and could not sustain any injury by reason of his being also included. If erroneous, he would have been the only party affected by the error ; and, consequently, the only one who could take advantage of it.

From the reasoning of the Court, in Turner v. Smith, (9 Tex. R. 628 & 9,) it would seem that he was properly omitted. But it will be observed, that, in that case, the parties who were omitted in the execution had died. Execution could not legally issue against their estates ; and the question was not before the Court, as to what would have been the effect of omitting to include them in the execution, had they been living at the time it was issued. Nor is the question before the Court in the present case, as we have seen, so as to require the expression of an opinion ; not having been raised by the motion.

Upon the remaining ground of the motion, it is only necessary to say, that the plaintiff in error, who was the principal in the judgment, having refused to point out property, it became the duty of the officer to find property, if he could, whereon to levy the execution ; and it was the right of the sureties in the judgment, to aid him in finding the property of the principal, if they saw proper, for their own protection. He might have made the levy without calling upon the sureties ; and he might adopt their designation of the property of their principal whereon to make the levy. (Bryan v. Bridge, 6 Tex. R. 137.) The judgment is affirmed.

Judgment affirmed.