## G. W. LEMMEL V. JOSEPH PAUSKA ET AL.

(Case No. 678.)

1. EXECUTOR — EXECUTION.— Property in the hands of an executor, acting under the provisions of the statute (Pasch. Dig., 1371), is liable to execution in the same manner as any other property which may be administered under a power.

2. MANDATE — EXECUTION.— When a judgment of the district court is affirmed by the supreme court, and the mandate filed with the district clerk, no further order is required to authorize the district clerk to issue execution thereon.

3. EXECUTOR — EXECUTION.— An executor who is sued on a monied demand before the expiration of twelve months after the probate of the will, is not required to plead thereto until the expiration of twelve months from the date of its probate (Pasch. Dig., art. 1371). But if he appears and pleads before the expiration of the twelve months, he waives his statutory privilege, and the judgment rendered against him in such case would be as valid and binding as if he had pleaded after the twelve months had expired.

4. FACT CASE — COLLATERAL PROCEEDING.— See statement for facts under which it was held that a sheriff's deed and execution were not void, or so irregular as to be subject to attack in a collateral proceeding.

APPEAL from Harris. Tried below before the Hon. James Masterson.

On the 17th day of October, 1874, Josephine and Sophia Pauska, children of Joseph Pauska, deceased, and Fanny Culmore, surviving widow of Joseph Pauska, joined by her present husband, Charles Culmore, filed their petition in district court of Harris county, in form of trespass to try title, to recover of appellant, G. W. Lemmel, lots Nos. 7, 8, 9 and 10, in block No. 279, with improvements, situated in the city of Houston. The appellee, Fanny, claiming one-half as community property between herself and Joseph Pauska, and the other appellees, Josephine and Sophia Pauska, the other half, by inheritance from their deceased father.

An amendment to the original petition was filed, by which the appellee, Fanny Culmore, claimed three-fourths

of the property in controversy, under the will of Joseph Pauska, bequeathing his entire estate to her; and the appellee, Josephine, claimed the one-fourth, by virtue of article 5364, Paschal's Digest, alleging that said Josephine was born after said will was made, and before the death of the testator; that she was pretermitted by the will, and that no provision had been made for her by the testator out of the assets of his estate; that Sophia was born before the will was made, and was therefore cut off by the will; that the will had been duly probated and the estate closed, and that at the time of the adoption of the constitution of the state of Texas of 1870, suspending all limitation laws, Fanny was a married woman and Josephine a minor.

The record discloses the further facts that Josephine Pauska died in September, 1867; and that Fanny was appointed executrix without bond.

The defendant on the 29th of October, 1874, filed a general demurrer and plea of not guilty; and on the 22d of April, 1875, an amended answer, pleading the statute of limitations of three and five years, suggesting purchase in good faith, and alleging that he had erected permanent, valuable improvements upon the land, worth $5,000, and asking payment for same.

On the 7th of May, 1875, another amended answer, alleging that on the 16th of May, 1867, one Leopold Daus recovered a judgment in the district court of Harris county against Joseph Pauska for the sum of $1,634.65; that execution issued under this judgment March 12, A. D. 1868, was levied upon the property in controversy, then the assets of the estate of Joseph Pauska in the possession of his executrix without bond (said Fanny), and was sold on the 7th day of April, 1868, when appellant purchased the same and paid his bid, amounting to $435, to the sheriff, and asked to be subrogated to the rights of the judgment creditor, Leopold Daus, in the

event of plaintiffs' recovery; praying for a judgment against the plaintiffs below for $435 so paid out by him.

The record discloses the further facts that the judgment of Leopold Daus against Joseph Pauska was rendered May 16, 1867, was appealed to supreme court, and that Joseph Pauska died pending the appeal, in 1867; that Fanny Pauska appeared in the supreme court, suggested the death of Joseph, and made herself a party as executrix of his last will and testament; that the judgment was affirmed against the executrix and the sureties on the appeal bond, by the supreme court, the 6th day of February, 1868, and the mandate was filed in the court below the 12th day of March, 1868. It contains the following recital: "Wherefore we command you to observe the order of our supreme court in this behalf, and in all things to have it duly recognized, obeyed and executed."

Execution was issued on the mandate and affirmed; judgment against the property of Joseph Pauska, deceased, in the possession of Fanny, and against the sureties on the appeal bond. This execution was levied on the land in controversy, and after advertisement, the same was sold at sheriff's sale April 7, 1868, and purchased by appellant.

The case was tried before a jury, and after introducing in evidence the judgment and mandate of the supreme court, the will of Joseph Pauska, appointing his wife, Fanny, independent executrix, and the probate of the will, appellant offered in evidence the execution and return and the sheriff's deed to him for the land, to which appellees objected on the following grounds: 1st. That no execution could legally issue against the assets of Joseph Pauska, deceased, in the hands of his executrix. 2d. That twelve months had not elapsed from the rendition of the judgment until the issuance of execution, and therefore the execution and all done under it was void.

The court sustained these objections and excluded the evidence.

Verdict and judgment in favor of appellees for the land, upon their paying to the defendant below, G. W. Lemmel, $1,400, value of improvements, and the sum of $56.50, as the balance due him for the money paid by him for the property and interest, after deducting $425 for use and occupation, and $200, value of improvements on the land when purchased by Lemmel.

*Likens & Stewart*, for appellant.

*A. R. Masterson*, for appellees.

I. The court did not err in excluding the execution issued under the judgment of Leopold Daus against Joseph Pauska, and the levy and return of sheriff on same, because an execution against an estate of a deceased person is unauthorized. Pasch. Dig., art. 1371; Hogue *v.* Sims, 9 Tex., 548.

II. The execution issued under the judgment of Leopold Daus was not improperly excluded, because the judgment was not obtained in a suit commenced against an independent executrix, allowing her twelve months within which to plead to same, and twelve months had not expired between final judgment and issuance of execution. Pasch. Dig., art. 1371; Hogue *v.* Sims, 9 Tex., 548.

III. The court did not err in excluding the deed of A. B. Hall, sheriff, to appellant, dated 7th of April, 1868, because the execution under which the sale was made was illegally issued. The execution was issued and run against a dead man's estate. Pasch. Dig., art. 1371; 9 Tex., 548.

WATTS, COMMISSIONER.— The statute in force at the time of the rendition of the judgment against Joseph Pauska, the affirmance of the same, and the issuance of

the execution and sale thereunder, prescribes that: "Any person capable of making a will may so provide by his or her will, that no other action shall be had in the county court in relation to the settlement of his or her estate, than the probating and registration of his or her will, and the return of an inventory of the estate; and in all such cases, any person having a debt or claim against said estate may enforce the payment of the same by suit against the executor of said will; and when judgment is recovered against such executor, the execution shall run against the estate of such testator in the hands of such executor; *provided,* that no such executor shall be required to plead to any suit brought against him for money until the expiration of twelve months from the date of the probate of such will." Pasch. Dig., 1371.

The record clearly shows that Fanny Pauska was the executrix under the will of Joseph Pauska; that the same was an independent will, coming within the provisions of the above articles. That said will had been duly probated, and that she had qualified as such executrix and had returned an inventory of the property of the estate; and as such executrix she voluntarily appeared before the supreme court, and made herself as such a party, and prosecuted the appeal. In the case of Rogers *v.* Harrison, 44 Tex., 169, the court held that the property in the hands of such executor is liable to execution in the same manner as any other property which may be administered under a power. It is provided in effect by art. 1371, Paschal's Digest, that when the supreme court affirms the judgment of the district court, the mandate shall be filed in the court below, and the clerk shall, without further order of the district court, issue execution thereon.

In this case, the mandate of the supreme court was filed in the district court, and the clerk, without further order of the court, issued the execution thereon.

There is nothing in article 1371, quoted above, that pre-

scribes the form of the judgment in such cases; but it says execution shall run against the property of the estate in the hands of such executor. The provision, that such executor shall not be required to plead to a monied demand until the expiration of twelve months from the date of the probate of the will, does not prohibit such executor from pleading to such demand at any time. And, in our opinion, if he does so appear and plead before the expiration of the twelve months, he thereby waives the statutory privilege, and the judgment rendered against him in such case would be as valid and binding as if he had appeared and pleaded after the expiration of the twelve months. The execution and sheriff's deed were not void or so irregular as to be subject to collateral attack. In our opinion, the court erred in excluding the testimony, for which the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 21, 1881.]