WILLIAM D. McCREADY ET AL. *v.* WILLIAM LANSDALE ET AL.

1. DEED. *Description of land. When sufficient.*
   A description of land in a deed as the " E. p't, S. W. ¼, sec. 38, T. 1, R. 1 W.—20 acres," is sufficiently definite, being equivalent to " twenty acres of the

east part of the south-west quarter of section 38, township 1, range 1 west." The twenty acres may be laid off by a straight line drawn across the quarter-section from north to south.

2. TAXES. *Reduction of levy. Effect on sale of land.*
A levy of county taxes for the county of W. was made at the proper time, but at a subsequent meeting of the Board of Supervisors an order was made purporting to set aside the former levy and to make a new levy, reducing the rate of taxation. C., whose land was sold for taxes under the latter levy, contended that the sale was void because the levy, not having been made at the time prescribed by law, was illegal. *Held*, that, as the order changing the levy did not impose any taxes, but was a reduction of the levy made at the proper time, C. has no ground of complaint.

3. EJECTMENT. *Plaintiff's title. Common source. Outstanding title.*
It is a general rule of law that a defendant in ejectment may demand that the plaintiff, in order to recover, shall show a title good against the world. But to this rule there is the exception, among others, that where the plaintiff and defendant claim title from a common source, he who has the better claim from that source must prevail, the defendant not being permitted to show a title outstanding in a third person, with which he has no connection, superior to that of the plaintiff and older than the common source.

4. SAME. *Common source of title. Title outstanding. When available to defendant.*
But even where the defendant in ejectment has acknowledged the title of the common source, and for that reason is precluded from questioning its validity at the time of his taking under it, he may avail himself of an outstanding title in a third person, with which he has no connection, where it has accrued subsequently to the time of his recognition of the title of the common source.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

William D. McCready and others brought this action of ejectment against William Lansdale and Alfred Perkins to recover a certain tract of land, which is sufficiently described in the opinion of the court. The plaintiffs claimed title by virtue of a peaceable and uninterrupted possession of the land by their ancestors and themselves for thirty years, up to the 5th of June, 1876, when it was sold to the State for taxes ; and they claimed also under a deed dated November 5, 1867. The defendants claimed title through a sale of the land, on the 5th of June, 1876, to the State for taxes, a deed from the auditor of public accounts to E. A. Robinson, and a conveyance from him to their wives.

On the 16th of October, 1875, the third day of a session of the Board of Supervisors, the county taxes were levied. But on the 25th of November, 1875, the board ordered " that the county levy [of taxes] made at the October term, 1875, be and the same is hereby revoked and set aside," and then made another levy of taxes for county purposes, which was at a less rate than that of the former levy. The land was sold for the taxes last levied. The verdict and judgment were for the defendants, and the plaintiffs appealed.

*T. V. Noland* and *L. K. Barber*, for the appellants.

1. The description of the land in the deed of the auditor of public accounts was so uncertain as to be void.

2. The levy of the county taxes on the 25th of November, 1875, was illegal, because not made at the time prescribed by law. The law required the levy to be made at the meeting in October, and when the levy had been then made, the board had exhausted all of its power to levy taxes for that year. The land was sold under the subsequent and illegal levy. See 51 Miss. 541, 807 ; 55 Miss. 26, 718.

3. The defendants failed to show any title or right to the land in themselves ; and they cannot avail of an outstanding tax-title with which they have no connection, and under which they have no rights.

*D. C. Bramlett*, for the appellees.

The appellants did not object in the court below to the introduction in evidence of the auditor's deed, and they cannot now object that the description of the land is void for uncertainty. But this court has sustained a similar description of land as valid. *Gibbons* v. *Alexander* (MS. Op.).

There is no error in the record of which the appellants can complain.

Campbell, J., delivered the opinion of the court.

The record contains a very meagre and imperfect presentation of the facts ; but, as understood by us, the land sold to the State for taxes was described as twenty acres of the east part

of the south-west quarter, and the south-east quarter of a certain section of land ; and this is a sufficient description. The twenty acres would be laid off by a straight line drawn from north to south so as to contain that quantity of land east of it, and within the south-west quarter of the section.

We regard the description in the list of lands sold to the State and in the deed of the auditor, as follows : —

| "*Division of section.* | *Sec.* | *T.* | *R.* | *Acres.* |
|---|---|---|---|---|
| E. p't S. W. $\frac{1}{4}$ | 38 | 1 | 1 W. | 20," |

as equivalent to twenty acres of the east part of the subdivision. It is settled that abbreviations are admissible in describing land, and it is well known that they are very commonly used.

The levy of county taxes was made at the time prescribed by law. The correction, by reducing the rate made, at a subsequent meeting was not a putting on, but was a taking off of the taxes levied at the proper time, and no complaint can be made of that.

There is no force in the objection that the tax-title of the State conveyed to Robinson, and by him to the wives of the defendants, and not to them, was not available to the defendants, because they did not connect themselves with it. The tax-title, being *prima facie* good, and not being successfully assailed, was efficient to show title out of the plaintiffs, and to defeat a recovery by them. It does not appear that the defendants were in such situation as to preclude them from demanding that the plaintiffs should show title in themselves, and not merely that they had a better right than the defendants. They were to recover on their title, and were required to show a good one. If the title was in another, they were not entitled to recover. They did not show that the sale of the land for taxes to the State was invalid.

It is not true that the defendant in ejectment who claims from a common source of title with the plaintiff may not in any case defeat the action by showing an outstanding title superior to the plaintiff's. The primary rule in ejectment cases, that the plaintiff must recover on the strength of his

own title, and not on the weakness of his adversaries', or his want of title, is still in full force. As a general rule, the defendant may demand that the plaintiff shall show title good against the world; because, generally, he may hold possession until he who has the right of possession demands it, and one may not, ordinarily, eject another merely because he has a better right than he has.

There are certain exceptions to the rule stated. Among them is, that where both plaintiff and defendant claim from the same common source of title, he who has the better claim from that source may prevail in the action; and an added doctrine is that, *in such case*, the defendant cannot defeat a recovery by the plaintiff having the better title, by showing a superior title outstanding in a third person, with which he has no connection; but the superior title meant is one *older than the common source*, or the title under which both claim as the foundation of their title. The reason why the defendant may not protect himself by appealing to an outstanding title in a third person, with which he has no connection, is that he has acknowledged the title of the common source, and for that reason is precluded from questioning its validity *at the time of his taking under it.* But this reason does not apply to a title in a third person which accrued after the date when defendant recognized the common source of title by taking title under it; and as to such subsequently accrued title, there is no hinderance to the defendant to avail himself of it. As to that there is no estoppel upon him.

A tenant is estopped to deny the title he acknowledged by accepting the lease, but he may show that that title has been divested from the landlord and vested in another since he accepted the lease, because the estoppel relates only to the time of the act which gives rise to it. The same principle applies to the defendant who derives title from a common source with that of the plaintiff in ejectment, and the same rule exists.

Judgment affirmed.