## J. F. JOLLY v. N. O. STALLINGS.

### No. 6685.

1.　**Parties—Foreclosure.**—To pass title by a foreclosure decree and sale the party in whom is the legal title must be made party to the suit.

2.　**Defective Foreclosure Proceedings — Purchase Money.**—When the land sold under defective foreclosure proceedings is sued for by the legal owner, before recovery he must restore the purchase money which was made by the defective sale, and which was a credit upon the debt for which the land was bound.

3.　**Same — Stale Demand.** — The defense of stale demand does not apply to the right for the restoration of the purchase money paid upon the recovery of the land when the defective sale was for the purpose of enforcing a lien upon the land.

APPEAL from Fannin. Tried below before Hon. H. O. Head. The opinion contains a statement.

*Taylor & Galloway,* for appellant.—A purchaser of property under a valid judgment foreclosing a lien on said property, who pays the purchase money of said sale, if the sale is ineffectual, will be subrogated to the judgment lien. Peters v. Clements, 52 Texas, 140; 46 Texas, 115; Jones v. Smith, 55 Texas, 383; French v. Grenet, 57 Texas, 273; Attaway v. Carter, 1 Posey's U. C., 73; 3 Pome. Eq. Jur.,secs. 1211, 1212, 1419, note 1; Freem. Void Jud. Sales, secs. 49–51; Ang. on Lim., 4 ed., sec. 73, and notes.

*Bramlette & Steger,* for appellee.—1. Where land is sold on credit and a note with personal security is taken to secure the payment of the purchase money, without reserving a lien to secure payment of the same in the deed or by mortgage, and suit is afterwards brought against one of the sureties on said note, asking for judgment for the amount of said note against said surety alone and for a decree foreclosing the lien on said land, without making the principal to said note or the owner of the land a party, a sale under such proceedings would not pass the title to the land of such owner not made a party to such suit. Morrow v. Morgan, 48 Texas, 304; Schmeltz v. Gray, 49 Texas, 58; Poland v. Davenport, 50 Texas, 276.

2.　When a note for purchase money for land is executed June 25, 1860, and decree of foreclosure rendered on same January 14, 1869, and sale under foreclosure made March 11, 1869, and the purchaser under said sale, by pleadings filed March 26, 1888, seeks to be subrogated to the rights of the original lien holder, the pleas of stale demand and the statute of limitation of ten years will apply and the claim will be barred by limitation. Ayres v. Cayce, 10 Texas, 100.

HOBBY, JUDGE.—This is an action in the ordinary form of trespass to try title, brought by the appellee, N. O. Stallings, against J. F. Jolly, appellant, on July 4, 1887.

The facts in the case show that both parties claim title from a common source, to-wit, the estate of James Ward.

W. A. Allen, the administrator of that estate, under proper orders of the Probate Court, on January 25, 1860, executed a conveyance of the land to Andrew Dougherty. The conveyance recited the execution of a note by Dougherty for $200 with the appellant and R. S. Jones as security, but it reserved no lieu on the land; neither was a mortgage taken by the administrator. The deed was filed for record December 11, 1860.

On January 28, 1861, Andrew Dougherty conveyed the land to his wife, Polly Ann Dougherty. In 1862 Dougherty died insolvent. On March 5, 1868, his widow, Mrs. Dougherty, conveyed this with other tracts of land to Sam Long, assignee of A. B. Long, under a decree rendered in a suit brought by Long against Dougherty's estate. This conveyance was an adjustment and compromise of the litigation. It was filed for record August 3, 1869. On February 21, 1872, Sam Long conveyed the land to C. D. Grace by special warranty. The deed recited a cash consideration, and was filed for record May 26, 1875.

Chas. D. Grace, on March 10, 1883, conveyed to trustees to secure a certain indebtedness to plaintiff. Under the terms of this trust deed the trustees, on March 28, 1885, conveyed to plaintiff, the amount of plaintiff's bid at the trust sale being credited on said indebtedness.

The defendant's (appellant's) title is as follows: On 30th day of October, 1866, W. A. Allen, administrator of James Ward's estate, filed suit in the District Court of Fannin County against appellant on said note, alleging that the same was given by Dougherty, Jolly, and Jones for the purchase money of said land, and asking for foreclosure of vendor's lien, describing the land, and on 14th day of January, 1869, recovered judgment against said Jolly for the amount of said note and interest, and decree that said land should be sold to satisfy said judgment. Appellant alone was made party to said suit. At said date R. S. Jones' and Andrew Dougherty's estates were insolvent. Said land was sold by the sheriff on March 11, 1869, under said order of sale, and purchased by Amanda Jolly, wife of J. F. Jolly, for the sum of $80, which amount was paid by J. F. Jolly and deed made to said Amanda Jolly on March 11, 1869, and filed for record the same day.

There has been no possession of the land by either party, but both parties have paid taxes thereon.

The title of defendant, as above set forth, was specially pleaded in an amended answer filed March 26, 1888, and there was a prayer to be subrogated to the right of the estate of Ward in the land in event his title was found to be invalid, and that he have judgment against the land for the amount paid on the judgment. In reply to this the plaintiff set up stale demand and the statute of limitation of ten years.

The cause was submitted to the court on the agreed statement of facts

as above stated. The court rendered judgment for the plaintiff (appellee), Stallings, for the land, and against the defendant, Jolly, on his plea asking to be subrogated to the rights of the estate of Ward. This appeal is prosecuted therefrom.

The assignments of error are that "the court erred in not rendering judgment for defendant, because the facts showed that he was the owner of the land by purchase under a foreclosure sale; and also erred in not giving him judgment for the amount paid by him, because the facts showed that the vendor's lien was foreclosed on the land and he purchased under said foreclosure, and plaintiff and his vendors had notice of said lien."

The note executed by Dougherty, Jolly, and Jones to the administrator of Ward's estate constituted a lien on the land. Wright v. Heffner, 57 Texas, 519. Although there was no party defendant before the court when the judgment was rendered in January, 1869, against Jolly which authorized a foreclosure of the lien, this defect did not affect the validity of the debt nor the jurisdiction of the court establishing it.

The land when conveyed to Dougherty was charged with the payment of the debt for which it was sold, and this debt, which was a lien on the land, had been carried into a judgment by a court of competent jurisdiction, and which the payment by Jolly extinguished in part.

The rule is that when the property is "charged with a debt for which it is sold, then, independently of the legal proceedings under which it was sold, the purchase money must be restored before it can be recovered." Northcraft v. Oliver, 74 Texas, 168.

Under this rule the plaintiff is not entitled to recover without refunding to the appellant, Jolly, the amount paid, with interest. The judgment we think should be reversed and here rendered in favor of the plaintiff for the land, upon the payment of the sum of $80 with 8 per cent interest from date of payment, March 11, 1869, on the judgment by Jolly.

For the reason above given, we think the judgment should be reversed and rendered.

*Reversed and rendered.*

Adopted November 25, 1890.