F. W. CAROTHERS v. T. E. JOHNSON ET AL.

(No. 3870.)

APPEAL from Navarro County. Opinion by White, P. J.

FROST & ETHERIDGE, counsel for appellant.

No counsel appeared for appellee.

§ **263.** *Breach of warranty of title to land; parties to suit based on; venue of such suit; case stated.* Appellant, on January 5, 1891, instituted this suit in the county court of Navarro county against the appellees. T. E. Johnson was alleged to reside in Navarro county; the petition further alleging that the other appellee, who was a resident of Navarro county, was a remote warrantor of appellant, in the same chain of title, to certain lands described in the petition; that there was a breach of their said warranty; and, by reason thereof, appellee Miles was indebted to appellant in the sum of $153, and the appellee Johnson in the sum of $600. On February 18, 1891, appellee Johnson filed his motion to quash the citation for supposed defects therein, which motion was overruled; and thereafter, on March 14, 1891, he filed his plea of personal privilege to be sued in Freestone county, wherein he resided, which motion appellant moved to strike out because filed too late. The court overruled the motion to strike out the plea to the jurisdiction, but sustained Johnson's plea of personal privilege, and dismissed the cause. Appellant excepted, gave notice of appeal, and here prosecutes his appeal.

Defendant Johnson's plea of personal privilege was not filed in the county court until March 14, 1891; and prior to that time said Johnson had appeared in court, to wit, on the 18th of February, 1891, and submitted his motion to quash the service of citation upon him. By submit-

ting a motion to quash the service, without simulta-neously submitting a motion of personal privilege, he submitted himself to the jurisdiction of the court [Feibleman v. Edmonds, 69 Tex. 334; York v. State, 74 Tex. 652; Sam v. Hochstadler, 76 Tex. 162], and such should have been the ruling of the court.    Moreover, this being a suit for damages for a breach of warranty in the title to land, the court erred in sustaining appellee Johnson's plea to the jurisdiction upon the ground of his personal privilege to be sued in Freestone county, wherein he resided; Mills, his co-defendant, being a resident of Navarro county. By article 1199a, Revised Statutes, it is provided that, in a breach of warranty to a title to lands, where the vendors liable thereon live in different counties, the plaintiff may bring his action in any county where either of such vendors resides, and join all vendors in one and the same suit. The plaintiff in such an action is not required to make all vendors parties, but may sue them all in the county of the residence of any one liable on the warranty, and may (if he chooses) join them all, and any court of com-petent jurisdiction in the county where such vendor resides has jurisdiction over the persons of all the other vendors, without reference to the residence.    Under the statute quoted, the suit was properly brought in Navarro county.    Because the court erred in its ruling as above pointed out, the judgment is reversed and the cause remanded.

December 9, 1891.          Reversed and remanded.