CAROLINE BRUMMER ET AL. v. J. F. MORAN ET AL.

Decided May 13, 1907

**Tax Suit—Minors—Citation.**

In a suit for delinquent taxes against a minor, a resident of the county in which the suit is brought, it is not necessary that a copy of the petition accompany the citation.

Error from the District Court of Galveston County. Tried below before Hon. Robt. G. Street.

*J. S. Gregory,* for plaintiff in error.—Minors, served with copy of writ only, and not with copy of petition, are not "properly served." Rev. Stat., 1232; Kreamer v. Haynie, 67 Texas, 450; Rev. Stat., art. 1245; Sprague v. Haynes, 68 Texas, 218; Witt v. Kaufman, 25 Texas Sup., 384.

The record must affirmatively show that the minors appeared by

guardian *ad litem* in his representative capacity. They can not be represented by attorney. McDonna v. Wells, 1 Posey, U. C., 41; Smith v. Redden, 1 Posey, U. C., 365; Hawkins v. Forrest, 1 Posey, U. C., 172; Pucket v. Johnson, 45 Texas, 552; Woerner, Am. Law of Guardianship, sec. 21.

*Clay S. Briggs* and *Jno. W. Campbell,* for defendant in error.

REESE, ASSOCIATE JUSTICE.—This is a suit by Caroline Brummer and her two children against J. F. Moran, constable of Galveston County, Clay S. Briggs, and Mrs. M. Hanscom, executrix of S. S. Hanscom, deceased. The purpose of the suit is to enjoin the execution of a certain writ of possession issued out of the District Court of Galveston County upon a judgment in a suit by the city of Galveston against plaintiff, Caroline Brummer, and the other defendants, two of whom were minors, and another child since deceased, for taxes upon the lots in controversy, being lots 4 and 5 in block 307 in the city of Galveston. In said proceeding there was a judgment against defendants, plaintiffs in this court, for the taxes claimed to be due with foreclosure of lien on said lots. Upon a sale under this judgment the property had been sold and conveyed to one Foster, who sold and conveyed the same to S. S. Hanscom, testator of the defendant, Mrs. M. Hanscom.

After this sale an agreement had been entered into between Hanscom and Mrs. Brummer, the effect of which was that she acknowledged and confirmed his title under the tax sale, and he agreed to sell and convey to her lot 4 for a certain price, a small part of which was paid in cash and the balance to be paid in monthly installments, with a stipulation that if Mrs. Brummer failed to pay any of such installments or the taxes on the lot, the contract was to be cancelled and held for nought. There was default in payment of the taxes, which were paid by Hanscom and of the installments of the purchase money, except that the first four of such installments were paid. The property was, and had been for a long time, the homestead of the Brummer family. Preceding the tax proceedings Mrs. Brummer had become indebted to Hanscom for money lent to secure which deeds of trust had been executed upon these lots, and there had been sales under those deeds of trust, under which Hanscom had bought.

The trial court found that the proceedings in the tax suit were regular and that the sale thereunder conveyed good title; that the property was homestead and the deeds of trust and sales thereunder ineffective to convey title. It was adjudged that Mrs. Hanscom, as executrix, had good title to lot 5 and was entitled to her writ of possession under the tax judgment as to this lot, as to which the injunction was refused. In the exercise of its equity powers the court decreed that here had been no forfeiture of Mrs. Brummer's rights under the agreement with Hanscom, subsequent to the tax sale, and gave Mrs. Hanscom judgment for the balance due for lot 4 under such agreement, with a foreclosure of lien on said lot.

The plaintiff brings the case to this court by writ of error, and the defendant Hanscom, by way of cross-assignment of error, urges

that the judgment, upon the facts found, is erroneous in not adjudging that she had title absolute to both lots.

The assignments of error of plaintiff in error present the single question of the validity of the judgment in the tax suit against which they urge the objections: First. There was no service of process on the minor defendants. Second. The court had no jurisdiction nor authority to appoint a guardian *ad litem,* for them, and Third. There was no appearance and answer by the guardian *ad litem,* for the minors.

The papers in the tax suit were lost, and secondary evidence was resorted to to show service of process on the minor defendants. The deputy sheriff testified positively and unequivocally that he had made such service and he was corroborated by the records of his office. There was no evidence to the contrary. Indeed, the only objection that is presented by plaintiff in error to the evidence of service is that the witness testified that he served each of the minor defendants with only one paper, to wit: the citation, and it is insisted that they should also have been served with copies of the petition. The minor defendants were at the time residents of Galveston County, in which the suit was brought. The statute did not require that they be served with copies of the petition. (Rev. Stats., arts. 1212, 1215, 1219.)

The trial court in the present case found that the minor defendants were properly served with process; that a guardian *ad litem* was appointed, who accepted the appointment and appeared and defended the suit even to the extent of an appeal to the Court of Civil Appeals and thence to the Supreme Court. The evidence fully warrants all of the findings.

There is no merit in the contention that the minor defendants were not represented by their duly appointed guardian *ad litem.* It is true that the judgment recites that they, with the other defendants, appeared "by attorney," but the evidence shows that such attorney was the person who had been appointed their guardian *ad litem.*

The assignments of error of plaintiffs in error are overruled. Upon the entire record we are of the opinion that the cross-assignment of error of defendant in error should be overruled. The judgment is affirmed.

*Affirmed.*

Writ of error refused.