full enough to manifest the alleged error. See authorites collated under section 207, Branch's Ann. P. C.

[5] By a specific exception to the court's charge it was pointed out that there was an omission to submit the defensive issue, in that appellant had testified that he was not the owner of the whisky, and that it was not in his possession, but belonged to the parties present, and had been brought into his place of business and placed on the counter by them at the time they called for the soda water. If this was true, or the jury believed it to be true, or if the evidence raised in the jury's mind a reasonable doubt upon the question, appellant was entitled to an acquittal. The state relied alone upon this particular transaction to show guilt. It was explained by appellant in a way entirely consistent with his innocence. The issue of fact thus raised should have been passed to the jury under appropriate instructions. The exception to the charge was specific because of its omission therefrom. Richardson v. State, 91 Tex. Cr. R. 318, 239 S. W. 218, 20 A. L. R. 1249; Forrester v. State, 93 Tex. Cr. R. 415, 248 S. W. 40, 26 A. L. R. 537.

For the failure of the court to submit said defensive issue, the judgment must be reversed, and the cause remanded.

---

**TESTON v. BRANNIN. (No. 1610.)**

(Court of Civil Appeals of Texas. El Paso. March 27, 1924. Rehearing Denied May 1, 1924.)

**1. Appeal and error ⚎1206—District court clerk may issue order of sale on Supreme Court's mandate, without further action by trial court.**

District court clerk may issue order of sale under Rev. St. arts. 1551, 1567, on mandate of Supreme Court, without recordation of judgment and mandate in trial court's minutes or other action by trial court to make judgment its own.

**2. Execution ⚎78—Order of sale held sufficient.**

Order of sale held in substantial compliance with Rev. St. art. 3729, with respect to statement of county in which cause originated, style and number of suit, names of parties, etc.

**3. Appeal and error ⚎1206—Order of sale under Supreme Court judgment held not void for failure to give Supreme Court number of case.**

That trial court number of case was given in order of sale instead of number of Supreme Court judgment on which the order was issued, did not invalidate order, even if Supreme Court number should have been given, where writ clearly showed judgment on which issued.

On Rehearing.

**4. Adverse possession ⚎95—Payment of taxes by defendant held not shown.**

Payment of taxes by defendant is not proved by testimony of witness for defendant that he (witness) paid taxes, in absence of evidence that he acted for defendant.

**5. Trespass to try title ⚎41(1)—Outstanding title in third person superior to plaintiff's title held shown.**

In trespass to try title, evidence held to show outstanding legal title, superior to plaintiff's under deed from plaintiff to third party.

**6. Trespass to try title ⚎18—Defendant claiming under same source as plaintiff held not precluded from relying on outstanding title in plaintiff's grantee.**

That parties in trespass to try title claimed under common source did not preclude defendant from relying on outstanding title of third person under deed, executed by plaintiff before suit was brought, where plaintiff had not reacquired title.

**7. Judicial sales ⚎50(1)—Purchase money must be restored before land sold can be recovered.**

When land is charged with a debt for which it is sold, purchase money must be restored before it can be recovered independently of legal proceedings under which it was sold.

**8. Vendor and purchaser ⚎265(1)—Vendor or successor buying land under foreclosure of lien may recover it from purchaser from vendee.**

Vendor or his successor in title, suing vendee to enforce vendor's lien, without making subsequent purchaser from vendee a party, and buying land under foreclosure, may recover land from such purchaser on vendor's superior legal title, independently of his title under foreclosure, unless purchaser offers to pay unpaid purchase money.

**9. Vendor and purchaser ⚎100—Rights of vendor's successor in peaceable possession for requisite period before subsequent purchaser's suit to try title held not affected by adoption of subsequent limitation act.**

Where defendant peaceably took possession of land, and remained in possession for more than five years before institution of suit in trespass to try title by purchaser from vendee, and, independent of foreclosure proceedings, the executory sale was rescinded by defendant as representative and holder of vendor's superior legal title, his rights under the rescinded sale were not affected by adoption of Limitation Act of 1905 and amendments (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695).

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by A. B. Teston against C. P. Brannin. Judgment for defendant, and plaintiff appeals. Affirmed.

W. F. Kelly, of Fort Worth, and Gilvie Hubbard, of Eastland, for appellant.
Butts & Wright, of Cisco, for appellee.

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. This is an action in trespass to try title in the statutory form brought by appellant against appellee on April 6, 1922. The suit involves the title to an undivided $133/360$ interest in the northerly $51^8/_{10}$ acres of a tract of $81\frac{7}{8}$ acres in the Thos. Benson survey in Eastland county. It was agreed that W. D. Dowdy was the common source of title to the interest in controversy.

On October 2, 1906, Dowdy conveyed the $81\frac{7}{8}$-acre tract to Barton M. and Catherine Richardson, reserving a vendor's lien to secure the payment of certain purchase-money notes. October 9, 1906, Dowdy transferred the notes to L. B. Rivers. October 19, 1906, the Richardsons conveyed the $81\frac{7}{8}$ acres to A. B. Teston, who assumed the payment of said notes.

On February 3, 1910, in a suit in the district court of Eastland county in which Waples Platter Grocery Company was plaintiff and William Benson and others were defendants, judgment was rendered vesting in appellant title to the undivided $133/360$ interest.

On July 19, 1911, in cause No. 2113, in the district court of Eastland county, L. E. and C. P. Brannin, executors of the estate of L. B. Rivers, recovered a judgment against appellant for $250.40, being $133/360$ of the principal and interest due upon the purchase-money notes aforesaid, with foreclosure of the vendor's lien on the $81\frac{7}{8}$-acre tract as it existed on October 2, 1906.

Upon writ of error to the Supreme Court this judgment on May 3, 1916, was reversed and judgment rendered in favor of the executors for the full amount of the unpaid principal, interest, and attorney's fees due upon such notes ($1,432.97) with foreclosure of lien. See Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562. The mandate of the Supreme Court was returned to the district court and filed on or before September 18, 1916. The mandate was not recorded in the minutes of the district court, and after its return no further proceedings were had in the district court except as hereinafter indicated.

On October 10, 1916, an order of sale was issued by the clerk of the district court of Eastland county, reciting that on May 3, 1916, the Supreme Court of Texas had rendered the judgment above indicated, and directing the sale of the $81\frac{7}{8}$-acre tract in satisfaction thereof. The order of sale was regularly levied upon the land and the same sold the sheriff's deed, dated November 13, 1916, executed to the executors of the estate of L. B. Rivers, whose title in turn passed to appellee. Appellant asserts that the order of sale was void and the proceedings thereunder insufficient to divest him of title.

[1] The first objection to its validity is that "the clerk of the district court has no authority to issue execution or order of sale on the mandate of the Supreme Court without out further action by the trial court." From the argument it seems to be the contention that before the order of sale could lawfully issue out of the trial court it was necessary to record the judgment and mandate of the Supreme Court in the minutes of the trial court or some action taken by the latter court to make the judgment of the Supreme Court its own. This is untenable. Upon the rendition by the Supreme Court of the judgment which should have been rendered by the district court the case was finally disposed of and upon the filing of the mandate in the trial court nothing further remained for the latter court to do except to issue the necessary process to execute the judgment which the Supreme Court had rendered. The procedure observed in issuing the order of sale was in accordance with the statutes and decisions. Articles 1551 and 1567, R. S.; Burck v. Burroughs, 64 Tex. 447; Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820; Martin v Rice, 16 Tex. 157; Lemmel v. Pauska, 54 Tex. 505; Cook v. Sparks, 47 Tex. 28; Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159.

[2] It is further objected that the order of sale and sale thereunder is void "because the judgment is not described, in that it does not appear from said order of sale in what county in the state of Texas the cause in which such order of sale was issued originated," and "because the order of sale fails to correctly describe the judgment upon which the same was issued, in that the names of the parties and the number of the cause is not correctly given."

The order of sale reads:

"The State of Texas to the Sheriff or Any Constable of Eastland County—Greeting:

"Whereas, on the 3d day of May, A. D. 1916, L. E. Brannin and C. P. Brannin as executor of the estate of L. B. Rivers, deceased, recovered a judgment in the Supreme Court of Texas, and said judgment was certified below for observance and execution against A. B. Teston for the sum of fourteen hundred thirty-two and $97/_{100}$ dollars with interest thereon from the 3d day of May, A. D. 1916, at 10 per cent. per annum and all costs of suit, with a foreclosure of a vendor's lien on the above-described real property, situated in the county of Eastland, and state of Texas, to wit: [Here follows description of the $81^7/_8$-acre tract.]

"Said vendor's lien is foreclosed as against A. B. Teston, Barton M. Richardson and Catherine Richardson and all other persons claiming title under them or either of them since the commencement of this suit, as it existed on the 2d day of October, 1906, and that said property be sold as under execution in satisfaction of said judgment.

"Therefore you are hereby commanded that you seize the described property, and sell the same as under execution. And should the proceeds of said sale be insufficient to satisfy said judgment, interest and costs of suit and the

further costs of this writ, then of the goods and chattels, lands and tenements of the said A. B. Teston you will cause to be made said sum of money then remaining unpaid.

"Herein fail not, and have you the said moneys, together with this writ, showing how you have executed the same, before said court, at the court house thereof, in Eastland within sixty days from this date.

"Witness, Elzo Been, clerk of the district court of Eastland county, Texas.

"Given under my hand and the seal of said court at office in Eastland, this the 10th day of October, A. D. 1916. [Signed] Elzo Been, Clerk District Court, Eastland County, Texas. [Seal.]"

Upon the back of the same, is indorsed the style and number of the suit as it appears upon the minutes of the district court of Eastland county, the names of the plaintiffs and defendants, date of the judgment rendered by the Supreme Court, amount, rate of interest, and bill of costs. Article 3729, R. S., prescribes the requisites of the order of sale. It was a substantial, if not a complete, compliance with the law. Collins v. Hines (Tex. Civ. App.) 100 S. W. 359; White v. Taylor, 46 Tex. Civ. App. 471, 102 S. W. 474; Sykes v. Speer (Tex. Civ. App.) 112 S. W. 425; Simmons v. Arnim (Tex. Civ. App.) 172 S. W. 184.

[3] The point made with respect to the number indorsed upon the order of sale is based upon the fact that the case upon the docket of the Supreme Court was numbered 2457. It is contended that this is the number which should have been given. In the first place the statute does not require that the number of the suit in which the judgment was rendered be shown by the order of sale. If it be shown we think the trial court number is the one to be given. But, admitting that the numbering of the Supreme Court judgment should have been given, it is of no consequence because the writ clearly shows the judgment upon which it was issued. It was a mere matter of misdescription, in part, which is otherwise correct. We fail to see how it can be said that the names of the parties were incorrectly given.

This disposes of all objections urged against the validity of the order of sale and proceedings thereunder. Being of the opinion that none of them are well taken, title passed and is now vested in appellee. This renders it unnecessary to pass upon other questions presented in the brief.

Affirmed.

On Rehearing.

Appellant complains of the failure to pass upon two assignments of error. It was deemed unnecessary to pass upon the same in view of the ruling that title passed by the foreclosure proceedings. But, since it is insisted that the assignments be passed upon, it will be done.

[4] The case was tried without a jury. We are not advised of the theory upon which the trial court based its judgment. One of the assignments is that the evidence as to possession and the payment of taxes is insufficient to support the judgment upon the appellee's plea of title under the 5 years' statute of limitation. Our conclusion upon this is that the evidence is sufficient to support a finding of continuous, peaceable, and adverse possession by tenants cultivating, using, and enjoying the land for the requisite period prior to the institution of the suit, but is insufficient to show the payment of the taxes by appellee. L. E. Brannin testified that he paid the taxes, but it is not shown that in so doing he was acting for or in behalf of appellee.

[5] The other assignment is:

"Because the court erred in rendering judgment for the defendant upon the theory that there was a superior outstanding legal title for the reasons, first, that before beginning the trial of the case the parties agreed to a common source, and second, because the evidence does not show an outstanding legal title superior to plaintiff's title."

Upon the trial it was agreed that title to all of the land was vested in appellee except the undivided $133/360$ interest recovered by Teston by the judgment of February 3, 1910, in the Waples Platter Grocery Company suit against Benson and others, and that the only issue in the present suit was the title to said undivided interest.

Appellee offered in evidence a deed, duly acknowledged and recorded, executed by appellant and wife, conveying to C. H. Sharman an undivided $30/81$ interest in the 81⅞-acre tract. This deed was dated September —, 1910, and conveyed an interest slightly in excess of said $133/360$ interest. The appellants' testimony affirmatively established the validity of this deed, and that he had never reacquired the title which it passed to Sharman. We do not understand how it can be asserted that the evidence does not show an outstanding title superior to the plaintiff's vested in Sharman.

[6] The evidence affirmatively disclosing that prior to the institution of the suit plaintiff had parted with whatever title he had, and that he had not reacquired the same, defeats any right of recovery which he might otherwise have had, and the fact that the parties claim under a common source does not preclude the appellee from relying upon the outstanding title to defeat the plaintiff's suit. Rice v. Ry. Co., 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72; Jones v. Lee (Tex. Civ. App.) 41 S. W. 195; Staley v. King (Tex. Civ. App.) 144 S. W 308; Caruthers v. Hadley (Tex. Civ App.) 134 S. W. 757; McBride v. Loomis (Tex. Com. App.) 212 S. W. 480; Moss v. Union Bank, 7 Baxt. (Tenn.) 216; McCready v. Lansdale, 58 Miss. 881.

[7, 8] For the reasons indicated herein, and in the main opinion, we think the proper

judgment has been rendered, but it is not amiss to call attention to two lines of authorities in this state which have not been presented in the briefs and which also support the affirmance.

When Dowdy conveyed to the Richardsons he expressly reserved a vendor's lien to secure the payment of purchase-money notes. The superior legal title remained in Dowdy. Dowdy transferred the notes and all of his "right, title, interest, estate, claim, and demand both legal and equitable in and to said land and every part thereof," to Mrs. Rivers. The judgment of foreclosure was in favor of her executors, and established these notes as a lien upon the land. Appellee, as executor and devisee of Mrs. Rivers, succeeded to all of her right and estate as respects the notes and the superior title.

The first line of cases to which we refer are those which hold that when land is "charged with a debt for which it is sold, then, independently of the legal proceedings under which it was sold, the purchase money must be restored before it can be recovered." Northcraft v. Oliver, 74 Tex. 168, 11 S. W. 1121; Jolly v. Stallings, 78 Tex. 605, 14 S. W. 1002.

[9] The leading case in the other line of authorities is Ufford v. Wells, 52 Tex. 612, followed in Foster v. Powers, 64 Tex. 247; Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544; Bradford v. Knowles, 86 Tex. 509, 25 S. W. 1117, and others. These cases in effect hold that a vendor in an executory contract for the sale of land, who has sued his vendee to enforce the lien, without making a subsequent purchaser of the land a party, and has bought in the land under the foreclosure decree, may recover the land from such purchaser unless the latter shall offer to pay the unpaid purchase money They hold that such purchaser is not a necessary party to the foreclosure proceedings, but that his right to redeem, when sued for the land, is not lost. In such cases the purchaser under the foreclosure recovers upon the superior legal title vested in him independent of the title which he acquired under the foreclosure, and in order to defeat the action such purchaser must tender the amount due upon the purchase price. Applying the principle of those cases, the appellee Brannin has the superior legal title, independent of the foreclosure sale, and appellant could not recover without tendering the amount due upon the purchase-money notes which passed to appellee in the manner stated above. Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821. This he did not do. The latter line of cases was decided prior to the adoption of the Limitation Act of 1905 and subsequent amendments (articles 5694, 5695, Vernon's Sayles' R. S.), but appellee Brannin peaceably repossessed himself of the land and has remained in such possession for more than five years prior to the institution of this suit.

Independent of the foreclosure proceedings, there has been an effectual rescission of the executory sale by the appellee, who is the representative and holder of the superior legal title reserved by Dowdy. Under the circumstances, appellee's rights under the rescinded sale are unaffected by the act mentioned. Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426; Pecos Mercantile Co. v. McKnight (Tex. Civ. App.) 256 S. W. 933.

The motion for rehearing is overruled.