## JOHN P. IRVIN V. G. R. FERGUSON ET AL.

### No. 3193.

**1. Voidable Sheriff Sale.** — April 1, 1890, Bevil and twenty-nine other persons recovered judgment against Irvin for $1445.01 and costs. Irvin appealed, and the judgment was affirmed against him and his sureties. Mandate was filed April 16, 1891, and on April 22 execution issued. In the execution, of the thirty plaintiffs only Bevil's name was given. Its attestation bore date April 22, 1890. Its issuance noted on the back was 1891, and it came into hands of the sheriff April 22, 1891. The execution purported to issue under a judgment in the District Court; no mention is made of the appeal. It included $153.20 costs. The cost bill attached showed $76 of this to be costs on appeal. Sale was made by the sheriff of 4268 acres of land for $2280. The land was shown to be worth from $14,000 to $28,000. Suit against the purchasers to annul the sale, the purchase money having been tendered before suit. *Held:*

1. The execution did not describe the judgment as required in article 2281, Revised Statutes, as to names of parties, etc.

2. The date noted by the clerk showed its issuance over a year from the rendition of the judgment under which it purported to be issued as a first execution. This irregularity was not cured by the attestation. Rev. Stats., arts. 2282, 1443.

3. These were such irregularities in the process as would affect a sale and tend to deter prudent men from bidding for the property who otherwise might [have desired to purchase it and be willing to pay a fair price for it.

4. The purchasers are charged with notice of whatever appeared upon the face of the execution and what might be developed by an examination of the judgment.

5. Such defects coupled with great inadequacy of price must be deemed sufficient to authorize the setting aside of the sale, although the purchasers may not have been guilty of any fraud, may not have caused the irregularities, or may not have brought about the circumstances leading to the sale at an inadequate price.

**2. Cases Adhered to.**—Cleveland v. Simpson, 77 Texas, 96; McKay v. Bank, 75 Texas, 184; Weaver v. Nugent, 72 Texas, 280; Taul v. Wright, 45 Texas, 394; and Cook v. Sparks, 47 Texas, 28, cited and adhered to.

**3. Execution in Appealed Cases — Form of.** — In cases where a money judgment has been appealed with supersedeas bond by a sole defendant, or by all the defendants when there are more than one, and on hearing has been affirmed by this court, with the ordinary judgment against appellant and sureties, execution should issue on the judgment of the Supreme Court, and not upon the judgment appealed from. Rev. Stats., art. 1057.

**4. Same — Recitals.** — The execution upon return of mandate affirming money judgment should recite the fact of the rendition of the former judgment, the appeal therefrom, and the rendition of the judgment of affirmance, etc.

'APPEAL from Hardin.   Tried below before Hon. L. B. HIGHTOWER. The opinion states the case.

*Douglass & Lanier*, for appellant.—1.   The statutes of Texas prescribe the requisites of an execution; it is mandatory, and must be complied with; and an execution that gives only one plaintiff's name, issued on a joint judgment in favor of more than one person named therein, is void, and no title will pass to any purchaser of property at a sale under such execution.   Rev. Stats., art. 2281; Cleveland v. Simpson, 77 Texas, 96; Durham v. Betterton, 79 Texas, 223; Ins. Co. v. Hallock, 6 Wall. (U. S.), 558; Hooper v. Caruthers, 78 Texas, 434; Cain v. Woodward, 74 Texas, 551; Bacon v. Cropsey, 7 N. Y., 195; Harris v. Wetmore, 5 Ga., 64; Dewing v. Durant, 10 Gray, 29; Herm. on Ex., secs. 65, 69, 89; Read v. Markle, 3 Johns., 523.

2.   The face of the execution under the seal of the clerk, with its date and the amount of the judgment stated thereon, can not be contradicted by indorsements to the contrary on its back or by parol testimony, after such writ has performed its functions in the hands of the sheriff or constable to whom same has been delivered.   Morris v. Balkham, 75 Texas, 113; Cain v. Woodward, 74 Texas, 551; McKay v. Bank, 75 Texas, 181.

3.   Where the District Court renders a judgment as in this cause, and said judgment is vacated by an appeal to the Supreme Court by giving a supersedeas bond, no execution can ever issue on the judgment of the District Court, but must recite and follow the judgment of the Supreme Court as to all the parties and amount of such judgment where same is affirmed in whole or in part, and where it does not so issue thereon and conform thereto it is void ab initio.   Rev. Stats., arts., 1404, 1419, 1049, 1057; Lemmel v. Pauska, 54 Texas, 508.

4.   To set aside a sale under execution, it is only necessary to show irregularities in the mode of issuing the process, coupled with inadequacy of price.   The process need not be void to entitle plaintiff to the relief where the amount of the bid with interest thereon is tendered in the pleading and in money to the purchasers.   Weaver v. Nugent, 72 Texas, 275; Casseday v. Norris, 49 Texas, 613; Schmick v. Noel, 72 Texas, 4; Sinclair v. Stanley, 64 Texas, 72; Smith v. Cockrill, 6 Wall., 758; Herm. on Ex., sec. 259.

5.   Flagrant and fatal irregularities being shown in the issuance of the execution, and the plaintiff offering to restore the price paid with interest, the court should have instructed the jury to find for plaintiff. Weaver v. Nugent, 72 Texas, 275; French v. Edwards, 13 Wall., 506; Simms v. Randall, 1 Brev. (S. C.), 226; Rogers v. Cawood, 1 Swan (Tenn.), 142; Hastings v. Johnson, 1 Nev., 613; Webster v. Hill. 38 Me., 78; Herm. on Ex., secs. 65, 89.

*O' Brian & O' Brian,* for appellees.—The court did not err in overruling plaintiff's objections to the execution under which the land in controversy was sold by the sheriff to the defendants. Williams v. Ball, 52 Texas, 610; Fitch v. Boyer, 51 Texas, 344; Hancock v. Metz, 15 Texas, 210; Portis v. Parker, 8 Texas, 23; Coffee v. Silvan, 15 Texas, 254; Hough v. Hill, 47 Texas, 153; Jones v. Pratt, 77 Texas, 211; Allen v. Stephanes, 18 Texas, 664; Baker v. Clepper, 26 Texas, 634; Pearson v. Flanagan, 52 Texas, 281; Haskins v. Wallet, 63 Texas, 213.

STAYTON, CHIEF JUSTICE.—This suit was brought by appellant to set aside sale and sheriff's deed to 4268 acres of land.

On April 1, 1890, John R. Bevil and twenty-seven other persons recovered a judgment in the District Court for Hardin County against John P. Irvin for $1445.01, besides cost of suit; but from that judgment Irvin appealed to this court, giving a supersedeas bond, and on final hearing that judgment was affirmed and judgment entered, that appellees "recover from the appellant John P. Irvin and his sureties, Ben Kiam and S. K. McIlhenny, the amount adjudged below and all costs in this behalf incurred."

The mandate issued on April 16, 1891, and on April 22, 1891, the execution under which the sale was made went into the hands of the sheriff, who levied upon and sold the land. The names of all the plaintiffs were given in the judgment rendered in the District Court, as well as that rendered by this court; but the execution under which the sale was made gave the name of no plaintiff but that of John R. Bevil, and it was tested as follows:

"Witness my hand and official seal at office in Kountze, this 22d day of April, 1890.
      [L. S.]                      "Attest:  E. H. COLLINS, Clerk."

The indorsement on the execution showed that it was issued on April 22, 1891, and this was shown by the testimony of the clerk to be the true date.

The execution purports to have been issued under the judgment rendered in the District Court, and makes no reference whatever to the judgment of this court. It declared, that "John R. Bevil et al." recovered a judgment against appellant for the sum of $1445.01, and the further sum of $153.20 for costs, all of which it commanded the sheriff to make, but an examination of the bill of costs attached to the execution shows that $76 of this sum was for costs incurred on appeal. The execution was against Irvin alone, and the land was bought by appellees at sheriff sale for $2280, while its value at that time is estimated at from $14,000 to $21,000. Appellant tendered to appellees the sum bid at sheriff sale with interest thereon, and this being refused, was paid into court for their benefit.

The statute requires that an execution "shall correctly describe the judgment, stating the court wherein and time when rendered, the names of the parties," etc.    Rev. Stats., art. 2281.    The execution in question does not describe any judgment shown to have been rendered by the District Court for Hardin County, in that it described a judgment .for costs which that court did not render.    It failed to give the names of the parties plaintiff, although given in the judgment of the District Court and in the judgment of this court.

It is of great importance that persons desiring to purchase at execution sales shall have means to determine the validity of the writ which is the authority to make the sale, and that they may have this the statute declares what facts shall be stated in the execution for the identification of the judgment as well as for some other purposes; all of which tends to make property sell for a fair price by enabling persons desiring to purchase to ascertain whether the writ is founded on a valid judgment authorizing its issuance.    Such noncompliances with the statute may be deemed only irregularities, but they are such as may well excite doubt in the minds of persons desiring to purchase as to the validity of the process; and if from such description as may be given no judgment corresponding in all respects can be found, then doubt will be greatly increased; all of which tends to the injury of both debtor and creditor, and will inure, if sustained when property does not sell for a fair price, to the benefit of such persons as may be willing to speculate upon the validity of process not in the form prescribed by law.

The statute requires such writs to be dated and tested by the clerk with the seal of the court impressed thereon, and the date of the issuance to be noted, and they are to be made returnable to the next term of the court, or in thirty, sixty, or ninety days, if so directed by the plaintiff, his agent, or attorney.    Rev. Stats., arts. 2282, 1443.

A sale of real estate made after the return day of an execution is inoperative.    If we look to the date given by the clerk in attesting the writ, we see that more than one year elapsed between that time and the date when the land was sold; and if that be deemed the date when the writ issued, it would appear to a purchaser that the officer had no power to sell.    If, however, the indorsement or notation of the time of issue be deemed the true date of issuance, then the return day had not passed when the sale was made; but without some explanation in regard to the appeal, which suspended the right to execution, a question would arise in the mind of a purchaser whether the judgment might not be dormant and his purchase subject to be set aside.    Process is said to be issued when it is made out and placed in the hands of a person authorized to serve it, and with intent that it shall be served; and it would be deemed issued when placed in possession of one entitled to have it served, or of his agent, in determining when it would

be returnable. The purpose of having the time writs issue noted on them is not very clear, for this ought to appear truly in the attestation which is under the seal of the court, and the officer receiving it is required to indorse thereon the day and hour it comes to his hands. The clerk is also required to keep an execution docket, in which, in addition to other matters of description, "the date of issuing the execution, to whom delivered, and the return of the officer thereon," must be stated. Rev. Stats., art. 2332.

The execution in question, while on its face not irregular as to time of issuance, showed that the return day had long passed when the sale was made; and if we look to the indorsement of date when the writ issued, that in connection with the face of the writ would show that it was the first writ issued, and that more than a year had elapsed after the judgment was rendered before that was done. There were such irregularities in the process as would affect such a sale, and tend to deter prudent men from bidding for the property who otherwise might have desired to purchase it and be willing to pay a fair price for it.

We are not prepared to hold that any of the irregularities referred to would render the execution and sale under it void; and it may be conceded that the sale ought not to be set aside as against a purchaser who was in no way responsible for those irregularities, solely because of their existence; but purchasers are charged with notice of every defect in an execution which appears upon its face or is developed by examination of the judgment on which it is based; and when from these sources they are advised of such irregularities as are calculated to cause property to sell for less than its value, they can not complain if for inadequacy of price presumably induced by such defects a court on application of the owner made in proper time and manner vacates the sale.

The court instructed the jury that to entitle appellant to the relief sought he must show not only that the land sold for an inadequate price, but that this resulted from fraud or irregularity on the part of defendants, or some one of them, calculated to prevent the land from bringing a fair price; and we are of opinion that under the evidence this charge should not have been given.

The cases of Williams v. Ball, 52 Texas, 610; Fitch v. Boyer, 51 Texas, 344; and Hancock v. Metz, 15 Texas, 210, were cases in which collateral attacks were made on sales under execution, and have no bearing on the question before us, for this is a direct proceeding instituted soon after the sale was made to set it aside.

As said in Pearson v. Flanagan, 52 Texas, 280, "The weight of authority, including that of this court, is, that mere inadequacy of price of itself is not sufficient to set aside a sheriff sale otherwise valid, but that gross inadequacy of price, in connection with slight additional facts showing fraud, irregularity, or other circumstances calculated to pre-

vent the property from bringing something like its reasonable value, might avoid the sale. Freem. on Ex., sec. 309; Allen v. Stephanes, 18 Texas, 658; Chamblee v. Tarbox, 27 Texas, 139. What these additional circumstances are, depends upon the facts of the particular case; but we think it safe to say that they should be such as are not attributable to the direct agency of the defendant in execution. Freem. on Ex., sec. 309; Law v. Smith, 4 Ind., 56." And we may now add that such defects in an execution as are found in that under consideration, coupled with great inadequacy of price, must be deemed sufficient to authorize the setting aside of a sale, although the purchaser may not have been guilty of any fraud, may not have caused the irregularities, or may not have brought about the circumstances leading to the sale of property for an inadequate price; for having bought with notice of irregularities calculated to bring about such a result, to which the owner of the property in no way contributed, he can not claim that protection which public policy requires should be given to purchasers at such sales who purchase under process which neither on its face nor in connection with the judgment gives notice of irregularities calculated to induce doubt as to the validity of the sale. Cleveland v. Simpson, 77 Texas, 96; McKay v. Bank, 75 Texas, 184; Weaver v. Nugent, 72 Texas, 280; Taul v. Wright, 45 Texas, 394; Cook v. Sparks, 47 Texas, 28. In the case last cited it was said: "It is contended, that after the return of a writ a motion can not be entertained to set it aside. That may be so, when there is merely a formal defect (Portis v. Parker, 8 Texas, 28); but on a motion to set aside a levy or sale, the execution, and the circumstances under which it was issued, and the judgment on which it is based, as well as extraneous facts affecting their validity, may be inquired into by the court. Scott v. Allen, 1 Texas, 512; Bennett v. Gamble, 1 Texas, 132; Martin v. Rice, 16 Texas, 160."

We are of opinion, that in cases where a judgment for money has been appealed with supersedeas bond by a sole defendant, or by all the defendants when there are more than one, and on hearing has been affirmed by this court with the ordinary judgment against appellant and the sureties on the appeal bond, execution should issue on the judgment of this court and not upon the judgment appealed from; for the judgment of this court fixes the liability of every person and determines the highest sum for which execution may issue; while the judgment of the District Court does not fix the liability of the sureties on the appeal bond, nor authorize an execution for the costs of appeal, nor for any damages that may be awarded by this court.

This is the course contemplated by the statute. Rev. Stats., art. 1057; Martin v. Rice, 16 Texas, 157; Cook v. Sparks, 47 Texas, 28. In thus issuing an execution the clerk of the District Court should recite in the writ the fact of the rendition of the former judgment by the

District Court, the appeal therefrom, and the rendition of the judgment of affirmance by this court, with such particularity as to enable persons from the reference there given to see upon what authority the clerk acted in issuing the writ; but a writ would not be void which did not contain such recitals, and they would only become important when property is sold for an inadequate price, or upon motion to quash the writ, and even then might not be given a controlling influence if the judgment of this court was described in the writ as the statute requires.

There are several assignments of error, but it is not necessary to notice them separately, for what has been said disposes of the most substantial and controlling questions in the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 19, 1892.