CAPPS & CANTEY V. GEO. S. LEACHMAN.

Decided March 18, 1897.

Void Execution—Omission of Defendant's Name.

An execution which, after describing the judgment, naming the parties plaintiff and defendant, commands the sheriff to make the amount thereof out of the goods, etc., "of the said ———," omitting the name of defendant, is void for failing to name the person whose property is to be subjected to its satisfaction.

QUESTION CERTIFIED from Court of Civil Appeals, Fourth District, in an appeal from Dallas County.

*Harris & Knight,* for appellant.—The defects and omissions in the execution of which the appellee complains were mere irregularities, which did not authorize a collateral attack. Brackenridge v. Cobb, 2 Texas Civ. App., 161; Ross v. Lister, 14 Texas, 474; Anderson v. Oldham, 82 Texas, 232.

A writ of execution, like any other process, must receive a reasonable construction, to be determined upon a survey of the entire instrument, and looking to the entire process in this case the command of the writ is to make the debt out of the property of the appellee. The command to make the judgment, which is against the appellee, as shown by the recitals in the execution, is tantamount to a direction to make it out of the property of the defendant debtor. The judgment could not be lawfully made or satisfied out of the property of any other person. Willis & Bro. v. Mooring, 63 Texas, 340; McGuire v. Galligan, 53 Mich., 453; Harlan v. Harlan, 14 Lea. (Tenn.), 107.

*John Bookhout,* for appellee.—Where the execution fails to state whose property the sheriff is commanded to make the money from, and whose goods and property are to be taken to make the debt, said execution is void upon its face, and the courts, upon application, will enjoin a threatened sale by virtue of a levy made thereon. Sayles Civil Statutes, art. 2281; Freeman on Judgments, secs. 41, 42; Gaskill v. Aldrich, 41 Ind., 338; Place v. Riley, 98 N. Y., 1; Douglas v. Whiting, 28 Ill., 362; Lockridge v. Baldwin, 20 Texas, 307; Criswell v. Ragsdale, 18 Texas, 443; Cleveland v. Simpson, 77 Texas, 97.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"George S. Leachman applied to the judge of the 44th Judicial District of Texas, in and for Dallas County, for a writ of injunction to restrain the sale of certain real and personal property belonging to said Leachman, which was to take place by virtue of an execution issued out of the District Court of Tarrant County, under a judgment in favor of Capps and Cantey and against said Leachman. In the petition it was alleged that the execution was void because, on its face, it showed that it was a third execution issued upon said judgment and it is not shown what disposition was made of the other executions, or what the returns were thereon, or that the same were returned unsatisfied, and further said execution does not show out of whose goods, chattels, lands and tenements the said sheriff is commanded to make the money called in said judgment, only commanding the sheriff, 'That of the goods and chattels, lands and tenements of the said ————, you cause to be made the sum of nineteen hundred and twenty-nine dollars and ninety cents,' and does not show whose goods, chattels, lands and tenements are to be seized to satisfy the said judgment and does not sufficiently describe the judgment, or show whether it was rendered in 1893 or 1894, and does not contain an itemized bill of costs. It was further represented that the real estate levied on under the execution was the business homestead of Leachman.

"The following facts were in proof on the trial:

"State of Texas,
County of Tarrant:    No. 7246.
                          In District Court, ———— Term, 189—.
The State of Texas,
   To the Sheriff or any Constable of Dallas County, Greeting:   WHERE-
AS at the February term, 1894, of the Honorable District Court of Tar-
rant County, Texas, on the 27th day of February, 1894, Wm. Capps and
S. B. Cantey, plaintiff, recovered judgment against G. S. Leachman, for
the sum of nineteen hundred and twenty-nine and ninety one-hundredths
dollars and all costs of suit, as of record is manifest in Minute Book 3,
page 321, of the minutes of said court.
   This is the third execution issued in this case.
   THEREFORE, You are hereby commanded that of the goods and
chattels, lands and tenements of the said ————————————— you
cause to be made the sum of nineteen hundred and twenty-nine dollars
and ninety cents, with interest thereon at the rate of twelve per cent per
annum from the date of the rendition of said judgment until paid; and
the further sum of eighteen dollars, costs of suit and the further cost of
executing this writ."


   "The execution did not show what disposition was made of the former
executions, or what returns were made thereon, or that the same were re-
turned unsatisfied.   No bill of cost was attached to the execution; other-
wise the endorsements were such as are required by law to be made.
   "When the said execution was read in evidence it was agreed by and
between the parties that it was by virtue of same that the defendants
herein levied on the property in controversy, and that they had no right,
interest, or title to the same, in any manner, except by virtue of such
levy, and thereupon the court announced that in its judgment the execu-
tion was void, and the judgment would be rendered for the plaintiff as
prayed for, without regard to any other issue in the case, and upon this
understanding the case was submitted to the court without further evi-
dence, the plaintiff offering to show that the property in controversy
was also his homestead, but the court declined to hear any evidence on
this issue, stating that it would not affect his decision, as in his judgment
plaintiff was entitled to judgment because of the invalidity of the writ
of execution."


   QUESTION:   "Was the execution void for any of the reasons set forth
in the petition?"
   To the question, we answer, *the execution in this case was void be-
cause it failed to name the person whose property was to be subjected
to its satisfaction.*
   Article 2338, Revised Statutes, after prescribing the formal matters
connected with the issuing of an execution, provides as follows:   "It
shall correctly describe the judgment, stating the court wherein and the

time when rendered, the names of the parties, the amount, if it be for money, and the amount actually due thereon, if less than the original amount, the rate of interest, if other than six per cent, and shall have the following requisites: * * * * 2. If the judgment be for money simply, it shall require the officer to satisfy the judgment out of the property of the debtor, subject to execution."

It will be observed that the foregoing article of the Statute prescribes. as a requisite to the execution that it shall require the officer to satisfy the judgment out of the property of the debtor and it must have intended that the debtor's name should be given in the body of the writ. Douglas v. Whiting, 28 Ill., 362, cited by counsel for appellee, is the only case that we have been able to find bearing directly upon this question. In that case, as in this, the execution omitted the name of the debtor whose property was to be seized, leaving a blank where the name should have occurred, and that court said: "It is indispensable, before one's property can be sold under a judgment against him, there should be an execution against the property of the judgment debtor. There has been none in.this case; consequently the sale of the premises is null and void, and the sheriff's deed also."

There is in this State a line of decisions which we think sustain the answer we have given, although they cannot be said to be directly in point. We cite the following: Cleveland v. Simpson, 77 Texas, 96; Morris v. Balkham, 75 Texas, 111; McKay v. Paris Exch. Bank, ib. 181. In the case of Morris v. Balkham, cited above, there was a mistake in the given name of the debtor in the execution, and this court held that a sale made under it was a nullity and conferred no title. If such a mistake as occurred in that case would render an execution void, we think most assuredly the omission of the name of the debtor entirely would have that effect.

Appellant's counsel urge that the officer must have known from the execution, in the form it was issued, that the money was to be made out of the property of the defendant in the judgment as it could have been lawfully made out of the property of no other person. If the Legislature had intended to commit to the sheriff or constable the authority to determine upon whose property he should levy the execution, then all that would be necessary to make a good execution would be to describe the judgment as required in the article quoted and it was useless to express in the law that there should be other things added which were requisite to the validity of the writ. The statute in this particular is mandatory and explicit in its command, and a failure to comply with its terms cannot be classed as an irregularity.