### CHAS. B. WHITE v. D. E. TAYLOR ET AL.

Decided May 18, 1907.

**Order of Sale—Irregularities—Invalid Sale.**

A sale made by virtue of an order of sale which did not have the seal of the court attached, which failed to name all the parties to the suit, which failed to specify out of whose property any unpaid balance of the judgment should be made, was so irregular as to authorize the court to set aside the same when the property sold for less than half of its cash market value. The inadequacy of price for which the property sold will be attributed to the irregularities in the writ.

Error from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*McGrady & McMahon,* for plaintiff in error.

*Gross & Armstrong,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—The defendants in error sued Charles B. White, plaintiff in error, to set aside a purchase by him of certain land at sheriff's sale under an order of sale issued out of the District Court and to have the sale and deed to him annulled. The case was tried by the court without a jury and judgment rendered against White in accordance with the prayer of the petition setting the sale aside. White prosecutes error.

The trial court filed conclusions of fact in which he finds the following defects and irregularities in the order of sale: 1. It fails to correctly describe the judgment in that it fails to name

all the parties to the suit, the name of Z. L. Maze being omitted. 2. It fails to state the name of the party against whom the judgment was rendered, leaving a blank where the name of such party should be stated. 3. In that part where it commands the officer executing the writ, to make the balance of the judgment remaining unpaid after the sale of the property named in the order of sale, out of any other property, it does not name the party or parties whose property is to be subjected to the satisfaction thereof. 4. The order of sale is not sealed with the seal of the court from which it issued.

The material questions which arise are: Did the order of sale have the seal upon it and if not did the omission render it void? Did the order of sale sufficiently name the parties to the suit and the party or parties against whom judgment was rendered? Was the fact that it failed to specify out of whose property the remainder of the judgment was to be paid material? Was White an innocent purchaser under the facts? The order of sale is as follows: "The State of Texas: To the Sheriff or any Constable of Fannin County— Greeting: Whereas, on the 1st day of March, A. D. 1906, in a suit wherein W. J. Hagood is plaintiff and G. W. Harris, J. A. Guthrie, T. M. Smith and T. B. Wood and husband F. L. Wood are defendants, and D. E. Taylor is intervener, said D. E. Taylor, intervener, recovered in the District Court of Fannin County, a judgment against —————————————————— for the sum of five hundred forty-three and 12-100 dollars, and costs of suit; and whereas, the said judgment is a foreclosure of a vendor's lien against plaintiff and against all of said defendants on the following described property, to wit:" Then follows a description of the property. In specifying the order in which the property shall be sold it says, "you shall first sell all of the same except the tracts thereof described as follows: 1st. The lot recovered in said judgment by Z. L. Maze described as follows:" giving field notes. "2d. The lots recovered by T. B. Wood and husband F. L. Wood, described as follows:" setting out the field notes. It proceeds: "You are hereby further directed that in case the proceeds of sale of first tract above mentioned be more than sufficient to pay said judgment, interest and cost, that the surplus then remaining be turned over to the plaintiff W. J. Hagood, but in case the amount realized from sale of first tract be insufficient to pay said judgment, interest and cost, then and in that event only you shall proceed to sell the second and third lots of land above described as in the first instance and apply the proceeds to the payment of the balance of said judgment, interest and cost, and the surplus, if any, then remaining to be turned over to the defendants Z. S. Maze and Mrs. T. B. Wood." It further commanded the officer that if the proceeds of the property be insufficient to satisfy said judgment then to make the money, or any balance thereof remaining unpaid, "out of the property of the defendant as in case of ordinary executions."

The order of sale at its close had thereon the certificate of the clerk that it was "given under the hand and seal of the District Court of Fannin County at my office in Bonham, this the 7th day of April, 1906." It contained the clerk's signature, but no seal was

affixed to the certificate. Attached to the execution and made a part of it was a cost bill which contained the style of the case, a bill of costs and a certificate of the clerk that "the above is a correct account of the costs in the above entitled case," which certificate stated it was "Given under my hand and official seal," giving the date. This was signed by said clerk and had the impress of the seal to the certificate. The court correctly held that the seal of the court impressed upon the certificate to the cost bill did not constitute an attestation of the order of sale under the seal of the court as required by law. The statute requires that all process, except subpoenas, issued out of the District Court shall bear the impress of the seal of the court, and shall be used to authenticate the official acts of the clerk. Batts Civ. Stats., article 1122 and article 1447. The statute relating to the issuance of an execution out of the District Court provides among other requirements, that it "shall be signed by the clerk and sealed with the seal of the court." Batts Civ. Stats., article 2338. It is held that an order of sale is in effect an execution. 22 Texas, 585. It clearly appears that the seal was attached to the cost bill to authenticate the clerk's certificate thereto, and not to authenticate the clerk's certificate to the order of sale. Whether the omission of the seal from the order of sale made the writ void we do not decide. The writer is of the opinion that such requirement in the statute is mandatory and that an order of sale not authenticated by the seal is void. Aetna Ins. Co. v. Hallock, 6 Wall., 556; Weaver v. Peasley, 163 Ill., 251; 54 Am. St. Rep., 469; Capps v. Leachman, 90 Texas, 499; Gordon v. Bodwell (Kan.), 68 Am. St. Rep., 341; Stouffer v. Harlan (Kan.), 104 Am. St. Rep., 396; Choate v. Spencer, 40 Am. St. Rep., 425, and note; Boal v. King, 6 Ohio, 11; Freeman on Ex., sec. 43 (3d ed.); 17 Cyc., p. 1025.

The appellant in argument refers to the case of Collins v. Hines, 17 Texas Ct. Rep., 487, as holding that not all the requirements in the statute in reference to executions are to be considered essentials. This proposition is sound. But in that opinion the court says: "Some of the specified features are essential, for without them no writ could exist." I know of no requirement in the statute more essential than that the writ shall be authenticated by the seal of the court.

In the case of Capps v. Leachman, *supra,* it was held that the failure of an execution to name the party out of whose property the officer was commanded to make the judgment rendered the writ void. Whether or not the omission of the seal made the execution void, it is clear such omisssion rendered the writ irregular. The order of sale in the beginning thereof in attempting to give the names of the parties to the judgment omits the name of Z. L. Maze. In another part of the order of sale it is made to appear that Z. L. Maze recovered a part of the property and the officer is commanded to sell the lots in a certain order, the lot recovered by Maze being second in order, and in the event the property first set out in the order sells for an insufficient amount to satisfy the judgment and that should the second lot be sold and bring more than sufficient to pay off the judgment the excess is to be paid over to Z. L. Maze.

The statute requires the execution to describe the judgment and name the parties. Irwin v. Ferguson, 83 Texas, 491. Nor does the failure to name the parties against whom the judgment was rendered make the order of sale invalid. The judgment was one of foreclosure as to all the parties plaintiff as well as defendants in favor of the intervener Taylor, and the order of sale commanded the sale of specific property therein described. Its failure to state the party or parties against whom the moneyed judgment was rendered was at most an irregularity. The failure of the execution part of the order of sale to state the name of the party out of whose property the unpaid balance was to be made, if the property specified in the order of sale did not bring a sufficient sum to pay the judgment, we are inclined to think was only an irregularity in the order of sale. There was no attempt to enforce this part of the order. We are of the opinion that the irregularities in the order of sale, coupled with the inadequacy of price, was sufficient ground for the trial court to set aside the sale. The market value of the property sold was $1,200; it brought $475, much less than one-half its cash market value. The law will ascribe the inadequacy of price to the irregularities in the order of sale. Irwin v. Ferguson, *supra;* Gunter v. Cobb, 82 Texas, 607.

The sale was made on the first Tuesday in May, 1906, and this suit was instituted May 24, 1906. The proceeds of the sale were not received by the plaintiff in the order of sale, but were paid into the registry of the court. The judgment orders the amount bid to be returned to the purchaser. The trial court correctly found under the evidence that none of the plaintiffs were estopped by anything done by them on the day of sale, or prior thereto, in the matter of bringing about the sale.

Finding no error in the judgment the same is affirmed.

*Affirmed.*

Writ of error refused.