GRAHAM et al. v. CANSLER. (No. 112.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 2, 1916.)

1. EXECUTION ⊂⊃251(2) — INADEQUACY OF PRICE—VALIDITY OF SALE.

Inadequacy of price in execution sale in connection with additional facts showing fraud, irregularities or other circumstances, calculated to prevent the property from bringing approximately its reasonable value, will avoid the sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 709–716; Dec. Dig. ⊂⊃251(2).]

2. EXECUTION ⊂⊃250—INADEQUACY OF PRICE —VALIDITY OF SALE.

Where the testimony showed the value of the land to be between $500 and $1,000, and it was sold on execution for $160, the price was inadequate.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 703–707, 789; Dec. Dig. ⊂⊃250.]

3. EXECUTION ⊂⊃248—SALE—IRREGULARITIES —EFFECT.

Where a judgment was rendered in 1910, but not entered except by nunc pro tunc judgment in 1911, and the execution thereon described only the 1910 judgment, and the judgment debtor had personal property of sufficient amount to pay the judgment, but was given no opportunity to point it out, and where the execution described the property so defectively that the lines could not be run out, the aggregate of such defects rendered the sale invalid.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 696; Dec. Dig. ⊂⊃248.]

4. APPEAL AND ERROR ⊂⊃1175(2)—SCOPE OF REVIEW—DISPOSITION OF CAUSE.

Where the cause was fully developed in the lower court, it is the duty of the Court of Appeals to render such judgment as the trial court should have rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4574; Dec. Dig. ⊂⊃ 1175(2).]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Suit by Warren J. Graham, a minor, by O. A. Graham, his father, as next friend, and by O. A. Graham for himself, against M. H. Cansler. Judgment for plaintiff in part and in part for defendant, and, motion for new trial being filed, the court reversed its former judgment and rendered judgment for defendant, and thereupon plaintiffs appeal. Reversed, and judgment rendered.

Denman & Thomas, of Lufkin, for appellants. M. M. Feagin and Sam Sayers, both of Lufkin, for appellee.

CONLEY, C. J. This is a suit in trespass to try title, filed by appellants, Warren J. Graham, a minor, by and through O. A. Graham, his father, as next friend, and O. A. Graham for himself, against M. H. Cansler, the appellee. Appellants sought to recover 101.14 acres of land out of the John W. Lock survey in Angelina county, and by special pleas sought to set aside a sheriff's deed, made under an execution sale to the appellee on October 3, 1911. Appellants sought to set aside said deed:

First. Upon the theory that the appellant O. A. Graham, against whom the ap-

pellee, M. H. Cansler, had previously recovered a judgment in the county court for $128, and upon which judgment the execution in question was issued, had, prior to the levy of said execution, conveyed the land to his son, Warren J. Graham, and that when such conveyance was made, he was solvent, and that therefore the execution was levied upon property which was not, in fact, subject to execution to satisfy said judgment.

Second. Appellants further sought to set aside the sale of said land under said execution, upon the alleged ground that the sheriff's sale of the land was for an inadequate price, and that this fact, coupled with the following irregularities, which are alleged to have existed in the issuance and levy of the execution, and in the sale of the land, was sufficient grounds for canceling the sale, and deed evidencing the same:

(a) Because the sheriff did not ask the judgment debtor, O. A. Graham, to point out property, nor did he give him an opportunity to point out property upon which to levy said execution.

(b) That the levy and sale was made of real estate which was not, in fact, in the name of O. A. Graham, and that he, O. A. Graham, had personal property, describing the same, which he would have pointed out had he been given an opportunity, and which was more than sufficient in value to satisfy said judgment.

(c) That the sheriff sold land belonging to a third party who was not a party to said judgment when O. A. Graham, the real judgment debtor, had other real estate in the county of sufficient value to pay said execution, describing such real estate.

(d) That the plaintiff, M. H. Cansler, induced the officer to levy said execution upon the land in question, in order that he might purchase it at an inadequate price, pointing out said land to the sheriff, and knowing that no other bidders would participate.

(e) That advertisement of the sale of said land was not in the manner and form required by law, not being for the time required, not published as required, and in fact no legal notice was given, that the sheriff's return thereon is insufficient, irregular, and void, in that the return is in form one required in the seizure and sale of personal property, and, further, that the description given in said return, as well as in the notice of sale and in the deed, is defective, and does not properly describe the land, all of which, it is claimed, caused the land to sell for a grossly inadequate price.

The answer of the appellee denied all the allegations of plaintiffs' petition, and pleaded that the sale to Warren J. Graham by O. A. Graham and wife was made to defraud creditors, and was therefore void, and that O. A. Graham was in truth the real owner of the land.

The case was submitted to the court without a jury, and on the 30th day of October, 1915, judgment was rendered for the plaintiff, setting said sale aside, and canceling said deed, and further rendered in favor of the appellee, that he recover of and from the defendant $290.91, which amount included the amount of the original judgment in the county court case, under which the execution was issued, and also included an item of $50, which represented cost of improvements which the appellee, Cansler, put upon the property, and the balance was for taxes and other items of expense incurred by Cansler during the time he had said property in his possession. In due season the appellants filed a motion to reform said judgment, and retax the costs which had been rendered therein. The appellee also filed motion for a new trial. On the 29th day of November, 1915, the court reversed its former judgment, and allowed the appellee herein to recover the land in controversy. The appellants in due season perfected their appeal, and the cause is now before us for review.

The record discloses the following facts: The appellee, M. H. Cansler, sued A. L. Graham in the county court of Angelina county, and on the 29th of October, 1910, recovered a judgment against him for the sum of $128.05. This judgment was not entered at the term of court at which it was rendered, and at the following term, in April, judgment was entered nunc pro tunc. O. A. Graham and wife conveyed the land in controversy to Warren J. Graham on July 18, 1911. Execution was issued on said judgment August 28, 1911, and on September 2, 1911, the sheriff levied the same on the land in controversy, and on October 3, 1911, sold said land to the appellee, M. H. Cansler, for the sum of $160, and forthwith executed a deed on the same day to appellee, M. H. Cansler.

The first assignment of error attacked the judgment of the court as being contrary to the law and the evidence, for the reason that at the time of the levy of said execution, the property did not belong to O. A. Graham, but was the property of W. J. Graham. Inasmuch as we are of the opinion that the execution sale must be set aside for the reasons hereinafter stated, regardless of the question of the true ownership of the property, we do not deem it necessary to determine the issue raised by this assignment, and we, therefore, proceed to consider the other assignments of error. The second assignment of error is as follows:

"The court erred in rendering judgment for the defendant for the land sued for, and in favor of the plaintiffs, for the evidence shows on the trial that the land sued for was sold at the sheriff's sale at an inadequate price, that is, the land was worth at the date of said sale, as shown by the testimony, from $500 to $1,000, but that said sale was for but $160, a price inadequate, and that this inadequate price, coupled with irregularities shown by the testimony, that is, the defendant in execution, though residing in the county, was not asked nor permitted to point out any property subject to execution;

that M. H. Cansler, the plaintiff in said execution, did point out the property levied upon and sold, and at the sale purchased same for the price stated; that the defendant in said execution had personal property sufficient and more to satisfy said judgment; that he had real estate in his own name that might have been levied upon, instead of the land that was levied upon; that the description contained in the notice of sale is irregular, insufficient, and fails to properly describe the land, that the description in the deed offered in evidence is insufficient, irregular, and does not properly describe the land sued for; that the execution did not identify the judgment sued on as the basis for its issuance; * * * and that because of all, each and every one, of said irregularities, an inadequate price was caused at said sheriff's sale. * * * "

[1] The rule is well settled in this state that any inadequacy of price in an execution sale, in connection with additional facts showing fraud, irregularity, or other circumstances calculated to prevent the property from bringing something like its reasonable value will avoid the sale. Moore v. Miller, 155 S. W. 575.

No briefs have been filed in this case by the appellee. If the statements contained in this assignment of error are supported by the evidence, it will be necessary to reverse this case, and we therefore proceed to examine the record in that respect.

[2] The land sold at the sheriff's sale for $160. The oral testimony on the value of the land ranges from $500 to $1,000. The price of the land brought at the sheriff's sale is therefore inadequate, and is not a fair and reasonable price for said land.

[3] It further appears from the record that judgment was originally rendered in the county court in the case of Cansler v. O. A. Graham, on October 29, 1910, but was never entered, and on April 17, 1911, a nunc pro tunc judgment was entered. The execution refers to and describes only a judgment of date October 29, 1910, and does not recite the nunc pro tunc character of the judgment. If a prospective purchaser were to rely upon the recital in said execution as to the date of said judgment, and refer to the minutes of the October term of the county court in an effort to examine the judgment, as a basis for the issuance of the execution, he would not find the judgment recorded at that term of court. The description of the judgment is therefore, not correct. No judgment being found on the minutes of the court for the October term would, in all probability, affect the determination of a prospective purchaser in making a bid on said property. At least, we are not of the opinion that such a circumstance would not have that effect.

It further appears from the record that O. A. Graham possessed personal property of a sufficient amount to pay said judgment, but that he was not given an opportunity to point out property upon which to levy said execution, but that, on the other hand, the appellee, M. H. Cansler, pointed out the specific property involved in this suit, and directed the sheriff to levy the execution thereon.

It also appears that the return made on the execution describes the property so defectively as to make it impossible to run out its lines, and therefore it cannot be identified on the ground. This same defective description also appears in the deed executed by the sheriff to the said M. H. Cansler.

For these reasons, we are of the opinion that the above assignment is well taken, and should be sustained. Cleveland v. Simpson, 77 Tex. 96, 13 S. W. 851; Capps & Cantey v. Leachman, 90 Tex. 499, 39 S. W. 917, 59 Am. St. Rep. 830; Collins v. Hines, 100 Tex. 304, 99 S. W. 401; House v. Robertson, 89 Tex. 681, 36 S. W. 251; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820; White v. Taylor, 46 Tex. Civ. App. 471, 102 S. W. 748.

It further appears from the record that the appellant tendered into court the sum of $210, being the amount of said judgment recovered in the county court in the cause of Cansler v. O. A. Graham, with interest thereon, and costs of suit to the date of the filing of the petition in this cause.

Our action in sustaining the second assignment of error disposes of this case, and therefore we do not deem it necessary to set out in detail, nor to discuss appellants' other assignments of error. They are all well taken, and are sustained.

[4] This cause having been fully developed in the lower court, it is our duty to render such judgment as the trial court should have rendered. It is therefore adjudged that appellants recover the land in controversy, and that said execution sale be set aside, and the sheriff's deed be canceled. It is further adjudged that the appellee recover of and from O. A. Graham and Warren J. Graham the sum of $210, which is now in the registry of the court; and it is so ordered.

Reversed and rendered.