THE PEOPLE OF PUERTO RICO, Petitioner, *v.* HARRY E. HENNEMAN, ET AL., Respondents.

No. 11. Argued March 1, 1949.—Decided May 17, 1949.

*Vicente Géigel Polanco,* Attorney General (*Luis Negrón Fernández,* former *Attorney General* on the brief) and *Nilita Vientós Gastón,* Assistant Attorney General for petitioner. *E. T. Fiddler, José G. González, Tomás I. Nido, Jorge M. Morales, Ramón L. Nevares,* and *Andrés Guillemard,* for respondent trustees. *J. Henri Brown* for several respondent lessors.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The People filed an information in this Court in the nature of quo warranto against Eastern Sugar Associates and several lessors of land to Eastern. It alleged that Eastern owned and controlled more than 500 acres of land in violation of certain insular and Federal statutes. The trustees of Eastern petitioned us for removal of the cause to the United States District Court for Puerto Rico. Eastern was organized under the laws of Maryland, but some of the lessors are citizens of Puerto Rico. Consequently, diversity of citizenship, which was required to give the Federal court

jurisdiction, did not exist, unless the controversy between The People and Eastern was separable from the controversy between The People and the lessors.

We held that this is a single inseparable controversy between The People on one side and Eastern and the lessors on the other side. We concluded that the lessors were indispensable parties for two reasons. In the first place, if The People prevailed, the leaseholds would be subject to an option of The People at the "reasonable" or "fair" price, which might be different from the rental fixed in the leases. Secondly, if judgment went against the defendants, the options would perhaps relate only to holdings of land in excess of 500 acres; lessors might be involved in whether ownership or lease of not more than 500 acres of land would finally be permitted. We therefore denied the petition for removal. *People* v. *Henneman*, 61 P.R.R. 184. Cf. *People* v. *Hennemann*, 60 P.R.R. 58. See also, *Bank of California, Nat. Ass'n* v. *Superior Court*, 100 P.(2) 1110 (Calif., 1940); 3 Moore's Federal Practice, 2nd ed., pp. 2144–77, 2198–2209.

On November 5, 1943 the trustees filed a motion to dismiss the information on the ground that more than 200 lessors of land to Eastern, whose names and addresses were given in a list attached to the motion, had not been joined in the proceeding. On December 9, 1943 we overruled the motion to dismiss but ordered The People to serve all the lessors as indispensable parties under § 74 of the Code of Civil Procedure, 1933 ed.

After several incidents not necessary to detail here, on December 7, 1948 The People filed a motion asking us to treat this case as a class suit and to consider the lessors who have filed pleadings as representatives of all the lessors of land to Eastern. The motion recites that service of 243 lessors has been ordered, including service by publication for 70, 29 lessors have demurred, 3 have answered and default has been noted against 206. The trustees and some lessors

opposed the motion and a hearing was held thereon, at which testimony was taken.

■ Rule 81 (a) of the Rules of Civil Procedure provides that "These rules shall be applicable to all ordinary civil actions and to all proceedings for mandamus, injunction, interdict for the retention or recovery of the possession of real property, intervention (terceria), and enforcement of homestead claims."

We discussed the nature of a quo warranto suit when we determined that such a proceeding was removable to the Federal Court. People v. Henneman, 60 P.R.R. 58, 63. And see, Note, Quo Warranto against Private Corporations, 41 Harv. L. Rev. 244. Whatever else may be said about it, it cannot be said that quo warranto is an "ordinary civil action". And it is not listed in Rule 81 (a) among the other proceedings to which the rules apply. We therefore hold that the Rules do not apply to this proceeding. Indeed, we so held implicitly in our order of December 9, 1943 directing the government to serve all the lessors as indispensable parties under § 74 of the Code of Civil Procedure.

■■ Section 66 of the Code of Civil Procedure applies here. That section provides that "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It is true that § 66, when read literally, states that a class suit is proper when common interest or numerousness is involved. But we shall follow the weight of authority under

provisions similar to § 66 that both numerousness *and* a common interest must exist. 3 Moore, *supra,* p. 3416; Comment, 35 Calif. L. Rev. 443; Note, 30 Calif. L. Rev. 350, 351; Lesar Class Suits and the Federal Rules, 22 Minn. L. Rev. 34, abridged in 1 F.R.S. 782, 783; Wheaton, Representative Suits Involving Numerous Litigants, 19 Cornell L.Q. 399, 434-45; Gordon, The Common Question Class Suit Under the Federal Rules and in Illinois, 42 Ill. L. Rev. 518, footnote 8.

As the Rules do not apply to a quo warranto proceeding, this case is governed by § 66, and not by Rule 23 (*a*). However, § 66 and Rule 23 (*a*), which is a copy of Federal Rule 23 (*a*), are, for our purposes, not materially different. *State* v. *Board of County Com'rs of Creek County,* 107 P. (2) 542, 552-4 (Okla., 1940); *Weaver* v. *Pasadena Tournament of Roses Ass'n,* 190 P. (2) 626 (Calif., 1948); *Tunstall* v. *Brotherhood of Locomotive F. and E.,* 148 F. (2) 403 (C.C.A. 4, 1945); Lesar, *supra,* pp. 783-84; Gordon, *supra,* p. 523 footnote 37. See *Rivera* v. *Tugwell, Governor,* 59 P.R.R. 834, 841. Cf. *Popular Party* v. *Insular Board of Elections,* 63 P.R.R. 284, 300-01, with 63 P.R.R. at pp. 306-07, 326-27. Consequently, we have not hesitated to cite herein recent cases decided in the Federal courts under Rule 23 (*a*) even though technically we are applying § 66 in this case and not Rule 23 (*a*).

■ There are three types of class suits. In the first the right or liability sought to be enforced by or against the members of the class is joint, common or derivative. In the second the right or liability is several, with the added feature that the object of the action is the adjudication of claims which do or may affect specific property. In the third the right or liability is several, with a common question of law or fact.

This case does not come under either the second or third category. In both these classifications the right sought to

be enforced by plaintiffs representing a class, or as here the liability sought to be enforced against defendants representing a class, is several. In such cases the members of the class have separate rights or liabilities and are therefore not indispensable parties in a suit concerning those rights or liabilities. 3 Moore, *supra*, pp. 3439–56. But we have already held, in passing on the petition for removal, that the liability of the lessors and Eastern in this case is single and inseparable and that the lessors are indispensable parties in this proceeding. Unless we are to reverse that ruling, which nobody challenges here, we see no way of fitting this case into either the second or third category.

We turn to the first type of class suit. Under the latter the right or liability sought to be enforced by or against the members of the class is joint, common or derivative. Each lease to Eastern concerns different lessors and different tracts of land. Consequently, any controversies between lessors and Eastern would involve several rather than joint or common rights and liabilities. But that is not the case before us. Rather the dispute here is between The People on one side and Eastern and the lessors on the other side. And we have held, in denying the petition for removal, that the information alleges a violation of law which involves a single controversy in which the lessors are indispensable parties. That is to say, Eastern and the lessors, according to the information, have engaged in a common violation. See *Gibbs* v. *Buck*, 307 U. S. 66, 74. "Although ordinarily the interests of landowners are separate, they may, under certain circumstances, have such a community of interests that their rights [or liabilities] are common. . .". 3 Moore, *supra*, p. 3481; *Weeks* v. *Bareco Oil Co.*, 125 F. (2) 84, 88 (C.C.A. 7, 1941); Note, 46 Col. L. Rev. 818, 827, footnote 42. This case therefore meets the test that to be a class suit of the first type it must be a suit "wherein, but for the class action device, the

joinder of all interested persons would be essential." 3 Moore, *supra*, p. 3435; id., pp. 3461, 3467, footnote 36; Note, 55 Yale L.J. 831, 832, footnote 14; Note, 46 Col. L. Rev. 820, 821; *Pentland* v. *Dravo Corporation*, 152 F.(2) 851, 852 (C.C.A. 3, 1945); *Giesecke* v. *Denver Tramway Corp.*, 12 F.R.S. 23.a 62—case 1 (D. Ct. Del., 1949).

But the existence of a common right or liability in all the members of the class is not the only requirement of a class suit of the first type. There are two additional requirements. In the first place, under the terms of § 66 we must find that the members of the class are so numerous as to make it impracticable to bring them all before the court. Secondly, inasmuch as judgments on the merits in class suits of the first type are binding on all members of the class,[1] due process requires that those selected to represent the class will fairly insure the adequate representation of the class. *Hansberry* v. *Lee*, 311 U. S. 32.

Relying on the language used at pp. 44–45 of *Hansberry* v. *Lee*, the defendants contend that the lessors who have pleaded could not adequately represent lessors not yet served because the interests of the former might be antagonistic to the interests of the latter. We find it unnecessary to determine if this case is distinguishable from *Hansberry* v.

---

[1] Judgments on the merits in all class suits of the first type, unlike those of the second or third category, are binding on all the members of the class, including those who were not served and did not appear. *Knowles* v. *War Damage Corp.*, 171 F. 2d 15 (C.C.A., D.C., 1948); *California Apparel Creators* v. *Wieder of California*, 162 F. 2d 893, 896 (C.C.A. 2, 1947); *Weaver* v. *Pasadena Tournament of Roses Ass'n, supra*, p. 629; 3 Moore, *supra*, pp. 3456–72; Restatement, Judgments, §§ 26, 86; Note, 49 Yale L.J. 1125. (A judgment in a class suit of the second type is res judicata for members not served insofar as the proceeding operates in rem but not otherwise. 3 Moore, *supra*, pp. 3468–69.) In fact, otherwise a class suit would not be proper under the circumstances of this case. We cannot in one breath hold that all the lessors are indispensable parties, and in the next breath treat the case as a class suit and permit some lessors to represent other lessors, unless we make certain that the judgment will bind the entire class. Otherwise we would in effect be reversing our ruling that all the lessors are indispensable parties.

*Lee.*[2] Even assuming that we disagree with the argument of the defendants, we are unable to grant the motion of The People for a different reason.

As already noted, the first requirement to justify a class suit under § 66 is that the members of the class are so numerous as to make it impracticable to bring them all before the court. We need not determine ∗if we would have held that this case fulfilled that requirement if The People had asked us to treat it as a class suit before a considerable number of lessors were served. Instead, the government endeavoured to comply with our order of December 9, 1943 to serve all the lessors. According to its brief, as of February 7, 1949 the government has served 238 lessors, approximately 70 by publication; default has been noted as to 235; three lessors have answered; and five lessors are pending service.

The government has brought 238 lessors before the court, either by publication or by personal service. It now asks us to treat the few who have pleaded as representing those not served. But we have no way of determining from the record if those not yet served are numerous. On this question, the government's brief merely states that "According to information in the possession of The People obtained by different means, there are 4 lessors and a *sucesión* remaining to be served and it still does not know if it possesses the complete list of lessors." This does not constitute a showing that the remaining lessors not yet served are so numerous as to make

---

[2] Cf. Keeffe et al., Lee Defeats Ben Hur, 33 Cornell L.Q. 327; Kalven and Rosenfield, The Contemporary Function of the Class Suit, 8 U.Chi. L.Rev. 684; Note, 46 Col.L.Rev. 818, 831; 3 Moore, *supra,* pp. 3461, 3471; Gordon, *supra,* pp. 526–28; Restatement, Judgments, § 86; Annotatior 132 A.L.R. 749; *Redmond* v. *Commerce Trust Co.,* 144 F. 2d 140, 151–52 (C.C.A. 8, 1944); *Weeks* v. *Bareco Oil Co., supra; Horton* v. *Citizens Nat. Trust & Savings Bank,* 195 P. 2d 494 (Calif., 1948); *Certia* v. *University of Notre Dame Du Lac, Ind.,* 141 N.E. 318 (Ind., 1923); *Matthews* v. *Landowners Oil Ass'n,* 204 S.W. 2d 647 (Tex., 1947); *Richardson* v. *Kelly,* 191 S.W. 857 (Tex., 1946), criticized adversely in 3 Moore, *supra,* p. 3432, footnote 38 and pp. 3463–64, Comment, 46 Col.L.Rev. 818, 832, and Note, 55 Yale L.J. 831.

it impracticable to bring them all before the court. 3 Moore, *supra*, pp. 3420–22; *Weeks* v. *Bareco Oil Co., supra; Johnson* v. *Riverland Levee Dist.*, 117 F. (2) 711, 714–15 (C.C.A. 8, 1941); Comment 46 Col. L. Rev. 818, 830–31.

It is important to note that this is not a case where, after serving personally or by publication a large number of defendants, the plaintiff asks that thereafter during the course of the case a few represent all to avoid cumbersome proceedings. Here the government does not complain of the large number of defendants who have appeared. Indeed, it could not do so as only a few lessors have pleaded. Rather the gravamen of the government's motion is that it wishes to discontinue its efforts to obtain a complete list of the lessors.

As we pointed out at the oral argument, there are ways in which under the law the government may obtain promptly a complete list of lessors as of the date of the filing of the complaint. With all the resources of the law and the government at its command, we fail to see why it is impossible or impracticable or even difficult for The People to ascertain at least the identity of such lessors. For all the record presently shows, the government having already served 238 lessors, there may be comparatively few lessors remaining to be served. Once their identity is established, if there are only a few of them, it will be a simple matter to serve them either personally or by publication. Without some showing based on testimony as to the approximate number of lessors not yet served, we are unable to conclude at this stage of the case that the lessors not served are so numerous as to make it impracticable to bring them before the court either by personal service or by publication.

The motion of The People to treat this proceeding as a class suit will be denied.